STATE of Missouri, Plaintiff–
Respondent,

v.

Barry A. TALKINGTON, Defendant–
Appellant.

No. 23503.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 2000.

Barry Talkington, Pacific, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Adriane D. Crouse, Asst. Atty. Gen., Jef-
ferson City, for respondent.

JAMES K. PREWITT, Judge.

Appellant was convicted of robbery in
the first degree and armed criminal action.
He was sentenced as a prior and persistent
offender to eighteen years' imprisonment
for the robbery conviction and ten years'
imprisonment for the armed criminal ac-
tion conviction. The judgment and convic-

tions were affirmed in *State v. Talkington,* 858 S.W.2d 802 (Mo.App.1993).

On December 8, 1999, Appellant filed a "Motion for Entry of Order Nunc Pro Tunc," reciting in the body that it was "pursuant to Rule 29.12(b)," seeking to correct the sentence and judgment by "omitting any reference to prior and persistent offender under Section(s) 558.016 and 558.019," RSMo 1986.[1]

Following the trial court's denial of that motion, Appellant appeals, asserting that he was entitled to relief "because [his] prior convictions were not final judgments and therefore [he] was not a 'prior' or 'persistent offender' within the meaning of Section 558.016." Appellant claims that both of his prior guilty pleas resulted in suspended imposition of sentences, not final judgments.

■■ Appellant's contentions must be denied for two reasons. First, a *nunc pro tunc* order cannot be used to correct a judicial mistake or to render a judgment different from the original judgment. *State v. Bulloch,* 838 S.W.2d 510, 513 (Mo. App.1992). The purpose of an order of *nunc pro tunc* is to make the record conform to what the court actually did or intended to do. *Id.* at 514. Nothing in the record indicates that the trial court's judgment and determinations as previously entered were different than what was intended.

■■ Second, a final judgment or conviction is not required to subject Appellant to prior or persistent offender status. Section 558.016 only requires that for prior offender status, one has pleaded guilty or been found guilty of one felony, and that for persistent offender status, one has pleaded guilty or been found guilty of two or more felonies committed at different times.

1. Rule 29.12(b) relates to plain error. Appellant may have intended to refer to Rule

■■ That no sentence is imposed after a plea of guilty or a finding of guilt does not change prior or persistent offender status. A plea or finding of guilt is included in determining prior offender status under § 558.016, even if the sentences are suspended. *State v. Lynch,* 679 S.W.2d 858, 861 (Mo.banc 1984). *See also Yale v. City of Independence,* 846 S.W.2d 193, 195 (Mo.banc 1993)(§ 558.016.1, RSMo, defining prior, persistent, and dangerous offenders was amended in 1981 to include defendants who pleaded guilty or had been found guilty although no sentence was imposed).

The order denying the motion is affirmed.

BARNEY, C.J., and GARRISON, J., concur.

29.12(c), as it pertains to clerical mistakes.