STATE of Missouri, Plaintiff–Respondent,

v.

Michael Wayne SUMMERS, Defendant–Appellant.

No. 23544.

Missouri Court of Appeals, Southern District, Division Two.

May 31, 2001.

Motion for Rehearing or Transfer Denied June 20, 2001.

Application for Transfer Denied Aug. 21, 2001.

Craig A. Johnston, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Timothy W. Anderson, Assistant

Attorney General, Jefferson City, for Respondent.

GARRISON, Judge.

Michael Wayne Summers ("Appellant") was convicted by a jury of the class C felony of attempt to manufacture a controlled substance, § 564.011,[1] and the related offense of second degree felony murder, § 558.011. Having been found to be a persistent misdemeanor offender, he was sentenced by the trial court to concurrent sentences of seven years and life imprisonment. On this appeal, Appellant contends that he was not a persistent misdemeanor offender, and that he should have been sentenced by a jury rather than by the trial court.

The procedural history of this case, which is determinative of this appeal, is somewhat complex and detailed. It involves provisions of §§ 557.036 and 558.016. Section 557.036 provides, in pertinent part:

2. The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict, unless:

. . . .

(2) The state pleads and proves the defendant is a prior offender, persistent offender, dangerous offender, or persistent misdemeanor offender as defined in section 558.016, RSMo, . . .

. . . .

4. If the defendant is found to be a prior offender, persistent offender, dangerous offender or persistent misdemeanor offender as defined in section 558.016, RSMo:

(1) If he has been found guilty of an offense, the court shall proceed as provided in section 558.016, RSMo; or

. . . .

Section 558.016 provides, in pertinent part:

1. The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment as authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it finds the defendant is a prior offender or a persistent misdemeanor offender,

. . .

2. A "prior offender" is one who has pleaded guilty to or has been found guilty of one felony.

3. A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times.

. . . .

5. A "persistent misdemeanor offender" is one who has pleaded guilty to or has been found guilty of two or more class A or B misdemeanors, committed at different times, which are defined as offenses under chapters 195, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, and 576, RSMo.

6. The pleas or findings of guilty shall be prior to the date of commission of the present offense.

. . . .

The facts forming the basis of the charges for which Appellant was convicted occurred on October 1, 1997. A second amended information was filed prior to trial alleging that Appellant was a prior offender under § 558.016.2 because he had pleaded guilty in Arkansas on October 26, 1996 to the felonies of possession of a

1. All references to statutes are to RSMo 2000 unless otherwise indicated.

controlled substance and possession of drug paraphernalia with intent to use. At the beginning of trial, when the State presented certified copies of the Arkansas convictions, it was determined that those pleas occurred on October 26, 1998, rather than 1996, and the second amended information was amended accordingly. Nevertheless, the trial court found Appellant to be a prior offender.

Following the jury verdicts, but before sentencing, the State sent a letter to Appellant's counsel stating that it had just realized that the change of the date of the prior pleas in Arkansas from October 26, 1996 to October 26, 1998 would not support a finding that Appellant was a prior offender since the dates of the convictions did not precede the date of the offense in the instant case. That letter acknowledged that the incorrect finding of a prior offender, with the associated consequences of taking sentencing away from the jury, might create an issue which Appellant would raise on appeal. In the letter, the State offered a compromise which was apparently not acceptable to Appellant. Appellant then raised the issue of his prior offender status in an amended motion for new trial, referring to the letter from the State in support.

This case is further complicated by the fact that during the presentence investigation, the State discovered that Appellant had previously pleaded guilty to misdemeanors in Dunklin County, Missouri. One was on November 26, 1991, for the class A misdemeanor of assault of a law enforcement officer for which he received a suspended imposition of sentence and was placed on one year's probation. The other was on June 6, 1997, for the class A misdemeanors of possession of marijuana

and resisting arrest. The record reflected, however, that after Appellant's probation expired on the assault charge, the judge in that case entered a docket entry on December 23, 1992 as follows: "Defendant's plea of guilty hereby set aside. Case dismissed."

Section 558.016.1 provides that the court may sentence a person who has pleaded guilty to or has been found guilty of an offense if it finds the defendant is either a prior offender or a persistent misdemeanor offender, and § 558.016.5 defines a "persistent misdemeanor offender" as one who has pleaded guilty to or has been found guilty of two or more class A or B misdemeanors committed at different times.[2] In an apparent effort to avoid the problems created by the use of insufficient prior felony convictions to establish that Appellant was a prior offender, the State filed a motion in Dunklin County entitled "Motion To Correct Docket Entry" directed at the December 23, 1992 entry. It alleged that the entry dismissing the case "was in accordance with the understanding of the proper procedure at that time," and that "in addition to the entry of the order of dismissing the case and ordering the file closed, the docket sheet improvidently showed that Defendant's guilty plea was set aside." It complained that the State had received no notice of that entry, and that the proper procedure would have been to "merely order the file closed based upon the Defendant's successful completion of the probation after suspended imposition of sentence but should have not reflected a setting aside of the guilty plea." The motion requested that the court "correct the docket entry entered December 23, 1992, to reflect that the charge was dismissed upon completion of probation

**2.** The two misdemeanors Appellant pleaded guilty to on June 6, 1997 apparently occurred

at the same time.

and the file be closed but deleting the portion of the Order setting aside Defendant's guilty plea." That motion was sustained on February 10, 2000 by a judgment reciting that the "portion of 12–23–92 entry reciting 'Defendant's plea of guilty hereby set aside' is deleted."

Appellant appeared for sentencing on February 17, 2000, at which time, the State admitted that because the prior felony conviction was after the date of the occurrence in the present case, Appellant was not a "prior offender." Rather, the State argued that Appellant was a "persistent misdemeanor offender," and filed a motion to strike the finding that he was a prior offender. That motion was sustained. The State then sought leave to file a third amended information alleging that Appellant was a persistent misdemeanor offender based on the misdemeanor guilty pleas in Dunklin County.

Appellant pointed out that when he was tried, the Dunklin County record showed that his guilty plea had been set aside, and that the change to that record occurred long after the trial and was done so the State could have him found as a persistent misdemeanor offender whereas he was tried as a prior offender. The trial court, however, allowed the third amended information to be filed, and based on exhibits presented by the State, found Appellant to be a persistent misdemeanor offender. It overruled Appellant's motions for new trial, and sentenced him. This appeal followed.

On appeal, Appellant contends that the trial court erred in allowing the State to file the third amended information and finding and sentencing him as a persistent misdemeanor offender because at the time of the present offense he did not have the requisite number of prior misdemeanors in that one of his guilty pleas in Dunklin County had been set aside. He argues that the court did not have jurisdiction to delete the prior order setting aside his guilty plea in Dunklin County because it was not a correctible "clerical error," and once the guilty plea was withdrawn it could not be reinstated seven years later. Consequently, he contends that he was entitled to have all issues, including punishment, determined by the jury.

A number of Missouri cases have considered errors made in either pleading or proving the status of a criminal defendant so as to authorize sentencing by the trial court rather than the jury. For instance, in *State v. Jennings,* 815 S.W.2d 434, 446–47 (Mo.App. E.D.1991), the trial court did not enter its finding that defendant was a prior offender until the punishment phase of the trial, and then it was pursuant to an amended information filed that same day. Noting that § 558.021.2 provides that in a jury trial a defendant's status as a prior, persistent or dangerous offender shall be pleaded, established and found, prior to submission to the jury and outside of its hearing, the court said, however, that procedural errors in prior offender hearings do not warrant reversal unless defendant is shown to have been prejudiced. *Id.* at 446. The court in *Jennings* found no prejudice to defendant. *Id.* at 447.

Other cases have held that the failure to hold a hearing on prior offender status until well into the trial, while error, is not prejudicial where the defendant is, in fact, a prior offender. *See State v. Kilgore,* 771 S.W.2d 57, 64 (Mo. banc 1989). In *State v. Tate,* 657 S.W.2d 727, 728–29 (Mo.App. E.D.1983), the case was remanded to the trial court, after appeal, to make a record and finding on defendant's alleged status as a prior and dangerous offender, and in *Tate v. State,* 752 S.W.2d 393, 394 (Mo. App. E.D.1988), that procedure was held not to offend due process, with the court saying "[b]ecause movant was, in fact, a

prior offender, he had no right to be sentenced by a jury, and thus his substantive rights were not violated by the tardy adjudication of his prior offender status." In *State v. Wynn,* 666 S.W.2d 862, 864–65 (Mo.App. E.D.1984), the court held that it was error but was not prejudicial to defendant to have the hearing on persistent offender status forty-two days after the trial when he came on for sentencing. In *Dudley v. State,* 903 S.W.2d 263, 267 (Mo. App. E.D.1995), the trial court sentenced the defendant as a persistent offender without having a hearing or making findings as to that status. The appellate court vacated the sentence and remanded the case to the trial court for resentencing with instructions to permit the state to present evidence on defendant's prior convictions.

Even more to the point here, is *State v. Street,* 735 S.W.2d 371, 373–74 (Mo.App. W.D.1987), where the state did not charge defendant as a prior and persistent offender, but presented evidence on earlier convictions and the trial court found him to be such an offender and sentenced him accordingly. The appellate court remanded the case to permit the state to amend the information and submit proof supporting prior and persistent offender sentencing. *See also State v. Merrill,* 990 S.W.2d 166, 173 (Mo.App. W.D.1999). Finally, in *State v. Martin,* 882 S.W.2d 768, 771 (Mo.App. E.D.1994), the state charged defendant as a prior and persistent offender, but alleged offenses in support of that allegation different than the offenses proven at trial. The appellate court noted that defendant had no notice of the charges on which the court heard evidence and based its finding, but it remanded to permit the state "to prove the allegations in the information or to amend the information and submit proof supporting repeat offender sentencing," saying that "[e]rror associated with the charge, proof, or court findings in this

respect does not require an unconditional remand for a new trial on the issue of guilt or innocence." *Id.* at 772.

All of the above cases dealt with the status of a defendant as a "prior offender" or "persistent offender," as well as violations of § 558.021, which provides the procedure for pleading and proving a defendant is a "prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender." That statute authorizes the trial court to find that a defendant is such an offender if the indictment or information, original or amended, pleads all essential facts warranting such a finding, evidence is introduced that establishes sufficient facts pleaded to warrant such a finding beyond a reasonable doubt, and the court makes findings of fact that warrant such a finding beyond a reasonable doubt. None of those cases deal with a defendant alleged to be a "persistent misdemeanor offender," and that status is not covered by the explicit terms of § 558.021.

■ Section 557.036.2(2) and .4(1) authorizes the trial court to impose sentence pursuant to § 558.016 if the state pleads and proves the defendant, found guilty of the offense charged, to be a persistent misdemeanor offender. If violations of the more specific procedural requirements for the pleading and proving of a prior or persistent offender status require a showing of prejudice, and if that prejudice is not shown if the defendant does, in fact, fit in one of those categories, even if the pleading and/or proof came after the trial, we cannot fathom that a different result should occur under § 557.036 which is less procedurally specific. Accordingly, we hold that the fact that the third amended information was filed in this case after the trial, but before sentencing, alleging different violations than those originally

charged, does not, in and of itself, require a reversal and remand.

The remaining issue deals with whether Appellant is correct in his assertion that at the time of trial he was not a persistent misdemeanor offender because, as of that time, one of his guilty pleas in Dunklin County had been set aside. He attacks the use of that misdemeanor as a basis for finding him to be a persistent misdemeanor offender on several basis.

Appellant contends that because his plea of guilty to assaulting a police officer had been set aside, and remained so at the time of his conviction in this case, that prior plea could not form the basis for a finding of a persistent misdemeanor offender. In support, he cites cases such as *State v. Herret,* 965 S.W.2d 363, 364 (Mo. App. E.D.1998), holding that a conviction that had been vacated may not form the basis for a finding that the defendant was a prior offender pursuant to Section 558.016. The *Herret* court said "[g]enerally, an invalid conviction may not be used to enhance punishment for another offense," and it cited *Wraggs v. State,* 549 S.W.2d 881, 884 (Mo. banc 1977), for the statement "[a] sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in light of the true facts, regardless of the eventual outcome." *Id.* The court vacated and set aside the sentencing of defendant as a prior offender, but remanded the case to the trial court to permit the state to amend the information and present evidence that defendant was convicted of another offense to establish his prior offender status. *Id.* at 365. *See also McDaris v. State,* 843 S.W.2d 369, 374 (Mo. banc 1992), and *Wright–El v. State,* 890 S.W.2d 664, 668 (Mo.App. E.D.1994), which indicate that generally, invalid con-

victions may not be used to enhance punishment.

Appellant also contends that the order setting aside the December 23, 1992 docket entry was erroneous. In support he argues that pursuant to Rule 29.12(c), Missouri Rules of Civil Procedure (2001), "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." He cites *State v. Carrasco,* 877 S.W.2d 115, 117 (Mo. banc 1994), for the statement that "[a] judgment may be corrected *nunc pro tunc* only if it is a clerical error rather than a judicial error and, generally, only if the intention of the judge to do otherwise clearly appears in the record." The *Carrasco* court also said that "Rule 29.12(c) ... does not empower a trial court to enter a new and different judgment. It applies to corrections of clerical mistakes." *Id.* at 118. Appellant also cites *State v. Talkington,* 25 S.W.3d 657, 658 (Mo.App. S.D.2000), where the defendant appealed from the trial court's denial of his motion *nunc pro tunc* to correct his sentence and judgment by omitting any reference to its finding that he was a prior and persistent offender. This court said "a *nunc pro tunc* order cannot be used to correct a judicial mistake or to render a judgment different from the original judgment;" and "[t]he purpose of an order *nunc pro tunc* is to make the record conform to what the court actually did or intended to do." *Id.* We denied relief in *Talkington,* saying that "[n]othing in the record indicates that the trial court's judgment and determinations as previously entered were different than what was intended." *Id.*

Appellant also relies on *City of Ferguson v. Nelson,* 438 S.W.2d 249 (Mo.1969), in which the defendants were convicted of

a violation of a city ordinance. The judgment entered found them guilty and assessed a fine, interest and costs but no reference appeared in the judgment to imprisonment if the fine and costs were not paid. The city filed a motion *nunc pro tunc* to amend to the judgment to provide for such imprisonment in the event of default in paying the fine, which was sustained. The Missouri Supreme Court held that the *nunc pro tunc* orders were invalid, saying that the failure of the court to include a provision for imprisonment in the judgments would be mere error, which is not to be corrected by nunc pro tunc proceedings. *Id.* at 255. In reaching that conclusion, it said:

> It is universally held that the only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done,* but which, because of that error or omission was not properly recorded; and, that it may not be used to order that which was *not* actually done, or to change or modify the action which was taken.... Thus, a nunc pro tunc order may not be made "to supply a judicial omission, oversight or error, or to show and set forth what the court might or should have done, as distinguished from what it actually did."

*Id.* at 253.

Both sides here agree that the judge who made the December 23, 1992 entry in Dunklin County testified in a hearing on the State's *nunc pro tunc* motion that it was his specific intent to make that entry. With refreshing candor, the State agrees that Dunklin County court could not have entered an effective *nunc pro tunc* order to set aside the prior order setting aside the guilty plea because of the principles referred to above.

The State argues, however, that the associate circuit judge in Dunklin County did not have jurisdiction to set aside Appellant's guilty plea after his period of probation expired, and that its order purporting to do so was void. It contends that everything occurring after sentencing is a nullity, citing *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993). There, the court said, citing *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 695 (Mo. banc 1979), that once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction, and can take no further action in that case except when otherwise expressly provided by statute or rule. *Id.* Based on those principles, the court in *White* held that the trial court's action of setting aside an earlier conviction and sentencing, and entering a second conviction and sentencing was "void," and that the first conviction and sentencing stood. *Id.*

In *State v. Bachman,* 675 S.W.2d 41, 45 (Mo.App. W.D.1984), the court said:

> ... because of the nature of a *suspended imposition of sentence* case, the trial court, during the term of assessed probation, continues to have jurisdiction. At the end of the probation period, the trial court *"may discharge* [the defendant] *from the jurisdiction of the court so that a judgment of conviction may not thereafter be entered upon the verdict in that case."*

This court followed *Bachman* in *State v. Ortega,* 985 S.W.2d 373 (Mo.App. S.D. 1999), a case in which the defendant had received a suspended imposition of sentence and was placed on probation. *Id.* at 374. He was granted an early discharge from probation, and later filed a motion to withdraw his guilty plea which was denied. On his appeal from that ruling, this court relied on *Bachman* in saying that "[w]hen

the trial court discharged appellant from probation, it discharged him from its jurisdiction with respect to that case.... It, therefore, lacked authority to grant the relief sought by appellant's subsequent motion to withdraw his plea of guilty." *Id.*

■ In the instant case, imposition of Appellant's sentence was suspended and he was placed on probation for one year. No further entries were made in the record until twenty-seven days following the conclusion of the one-year probationary period at which time the court made an entry that Appellant's plea of guilty was set aside and the case dismissed. According to the above authorities, however, at that time the court's jurisdiction had expired and it did not have authority to enter such an order. Based on the reasoning of *White,* the order setting aside the plea of guilty was void, and the plea of guilty remained.[3] Accordingly, even though the *nunc pro tunc* order setting aside the earlier order setting aside the plea of guilty was improvidently granted, the earlier guilty plea remained and could be a basis for finding that Appellant was a persistent misdemeanor offender. Appellant was not prejudiced by the filing of the third amended information, and the trial court's finding that he was a persistent misdemeanor offender. He was not entitled, under these circumstances, to be sentenced by a jury.

The judgment of the trial court is affirmed.

PREWITT and RAHMEYER, JJ., concur.

---

**3.** That no sentence is imposed after a plea of guilty or finding of guilt does not change prior or persistent offender status in that a plea or finding of guilt is included in determining such status under Section 558.016 even if the sentence is suspended. *Talkington,* 25 S.W.3d at 658.