**Michael Wayne SUMMERS,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent–**
**Respondent.**

**No. 24696.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 6, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Assistant Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

A jury convicted Michael Wayne Summers ("Movant") of attempt to manu-

facture a controlled substance, § 195.211,[1] (a class C felony) and second-degree murder, § 565.021 (a class A felony). He was sentenced by the trial court as a persistent misdemeanor offender [2] to seven years' imprisonment for manufacturing a controlled substance and to life imprisonment for second-degree murder.[3] Movant filed a motion pursuant to Rule 29.15,[4] alleging that he was denied effective assistance of counsel at trial. The basis for Movant's claim that he was denied effective assistance of counsel is that his trial counsel failed to object when the trial court found Movant to be a prior offender [5] and thus removed sentencing options from the jury.

■ The date of the felony conviction was believed to be prior to the pending felony charge; however, it was discovered, prior to trial and sentencing, that the previous conviction occurred after the events forming the basis of the then pending charges. Despite it being improper to use a conviction occurring after the date of the charged offense as the basis for charging as a prior offender,[6] Movant's counsel did not object to the charge on that basis prior to the trial. The jury found Movant guilty and, because Movant was thought to be a prior offender, the judge scheduled the sentencing date rather than having the jury do so.

In the interim, the prosecutor, after discovering two prior misdemeanors, decided not to go forward with the sentencing based on Movant being a prior offender and instead proceeded to sentencing with the two previous misdemeanors to qualify Movant as a persistent misdemeanor offender. Based on a motion filed by the state, the court struck the previous finding that Movant was a prior offender, allowed the prosecutor to file a third amended information charging Movant as a persistent misdemeanor offender, found Movant to be a persistent misdemeanor offender, and imposed the sentence.

Movant contends that if his counsel had objected on the basis that the conviction occurring after the charged offense could not be a basis for finding that he was a prior offender, the objection would have been sustained so the jury would have sentenced Movant rather than the trial court. Movant argues the jury would have given him a lighter sentence than the court handed down.

This court's review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Section 558.016.5 defines "persistent misdemeanor offender" as "one who has pleaded guilty to or has been found guilty of two or more class A or B misdemeanors, committed at different times, which are defined as offenses under chapters 195, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575 and 576, RSMo."

3. For a more detailed recitation of the procedural history in this case concerning Movant's prior offender status, *see State v. Summers*, 50 S.W.3d 890 (Mo.App. S.D.2001).

4. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

5. Section 558.016.2 defines "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony."

6. *See State v. Vaught*, 34 S.W.3d 293, 296 (Mo.App. W.D.2000) and § 558.016.6.

To prevail on an ineffective assistance of counsel claim Movant is required to show: (1) counsel's performance did not conform to the degree of skill and diligence of a reasonably competent lawyer under similar circumstances, and (2) Movant's defense was prejudiced by counsel's inept performance. *Id.* If a movant fails to prove one prong, the court need not consider the other. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). A reviewing court may examine the prejudice prong before the performance prong, and may resolve it on lack of prejudice grounds alone. *Id.*

We address the prejudice prong because we find Movant was not prejudiced by his counsel's failure to object because the fact remains that Movant had two prior misdemeanor guilty pleas prior to the date he committed the crimes on which he was being sentenced and, thus, he was a persistent misdemeanor offender and the trial court could sentence him under § 558.016. Movant argues, "Had counsel properly objected to the prior offender finding at trial, the prosecutor would have been unable to obtain sentencing by the court because he was unaware of [Movant's] 1991 misdemeanor plea[.]" Movant is correct that the state was not aware of the misdemeanor pleas until Movant's pre-sentence investigation, and, therefore, was not aware of the pleas at the time of trial. The argument does not aid Movant because the trial court would be sentencing Movant after this requested relief of a new trial. His request does not affect the merits of the trial itself, only sentencing. As noted in *State v. Summers, supra,* a trial court may sentence an appellant even after an appeal and remand if the proper findings are made as

to the status of the defendant. *Summers,* 50 S.W.3d at 894. Thus, being sentenced in this first instance by the trial court does not prejudice Movant. To find for Movant, we must speculate that the trial court would have sustained the objection, that the trial would have continued prior to the discovery of the misdemeanor offenses by the prosecutor, and that the jury would have sentenced Movant to a shorter sentence.[7] We refuse to do so. The fact remains that the sentencing court correctly sentenced Movant as a persistent misdemeanor offender with the correct knowledge that Movant was a persistent misdemeanor offender. Without prejudice, Movant cannot be successful on a claim of ineffective assistance of counsel. The motion court did not err in denying Movant's motion. The motion court's judgment is affirmed.

PREWITT, P.J., and GARRISON, J., concur.

---

7. The punishment imposed by the trial court was within the range of punishment available if Movant was not a prior offender and therefore the jury could have imposed the same sentence imposed by the trial court. *See* § 558.011.1(1) and (3).