**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kenneth Wayne PALMER, Defendant–Appellant.**

No. 27062.

Missouri Court of Appeals, Southern District, Division One.

June 21, 2006.

---

Craig A. Johnston, Assistant State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Assistant Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Kenneth Palmer ("Appellant") appeals his conviction for the class A felony of robbery in the first degree, a violation of section 569.020, following a jury trial in the Circuit Court of Greene County.[1] He was sentenced to thirteen years imprisonment and challenges the sentence. We affirm the sentence; however, we remand to correct a clerical error in the written "Sentence and Judgment" and in the written "Judgment and Sentence to Division of Corrections Found Guilty by Jury."

1. All references to statutes are to RSMo 2000, unless otherwise specified.

Appellant initially claims the trial court abused its discretion in considering his failure to admit guilt in sentencing him, in violation of his right against self-incrimination under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 19 to the Missouri Constitution. At issue is the trial court's statement at sentencing:

> It is pretty disturbing to see you still not taking responsibility for that second robbery.[2] I don't think there's any question that we don't have that standard but beyond a shadow of a doubt comes to mind to me on that one. I just thought that was extremely clear and kind of a general statement at the end[3] that you've had some problems and hit rock bottom doesn't come close to taking responsibility for this crime.

 Appellant claims the court abused its discretion in the sentencing because this statement indicates the trial court factored in his failure to incriminate himself in assessing punishment. It is fundamental that one convicted of a crime must not be subjected to a more severe punishment simply because he or she exercised a constitutional right. *Vickers v. State,* 17 S.W.3d 632, 635 (Mo.App. S.D. 2000); *State v. Wright,* 998 S.W.2d 78, 83 (Mo.App. W.D.1999); *State v. Vaughn,* 940 S.W.2d 26, 29 (Mo.App. S.D.1997); *State v. Jones,* 806 S.W.2d 702, 706 (Mo.App. E.D. 1991). In *Mitchell v. United States,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), the Supreme Court held that the right to be free from self-incrimination extends to sentencing hearings. *Id.* at 326. When we consider the length of the sentence compared to the range of punishment, other factors of the crime, and the other remarks of the trial court, we do not find the trial court subjected Appellant to a more severe punishment because of his exercise of his constitutional right to declare his innocence and to remain silent.

First, because we do not have the presentence report, it is not clear from the record that Appellant did not, in fact, admit to the crime. The State sought a fifteen-year sentence and argued:

> The other thing, you know, I mean this is a little thing perhaps but it bothered me too; that he's going to lay this thing on them that well, he has this chemotherapy treatment he has to take care of. He's using something like that as an excuse for what he's done. He has no excuse for what he did.

Defense counsel, in countering the State's proposal with a sentence of ten years, argued:

> Now what I think is important at this point is the statement that he made, and I think it's recorded in the conclusion, I've screwed up and I hit rock bottom. The gentleman who at the time that this incident occurred, he was living in his car. He had lost his job, he had lost his girlfriend, he had lost his home, he lost everything that he had available to him and it's true that we have a lot of people who have those issues and they manage to go on but not all of them do.... But at that point he's lost his home, he's lost his job and he's lost his girlfriend and we don't have an individual who we've seen express this type of behavior consistently throughout his life.... We have a man who has, I think at this point, kind of lost his way.

Appellant's point has no merit if Appellant did in fact admit to the crime, but was

---

**2.** Appellant was initially charged with two robberies; however, the jury acquitted him of the charges in the other robbery.

**3.** The court is referring to the pre-sentence investigation report where Appellant stated, "I've screwed up and hit rock bottom."

simply failing to take responsibility for his actions. As both the State and defense counsel discussed the motivation for this crime, it appears that Appellant may have admitted to the robbery. He simply blamed others for his committing the crime.

Next, we note, after both arguments at the sentencing, the range of punishment for this crime was ten to thirty years. The court sentenced Appellant in the middle of the two proposals—to thirteen years. A trial court has a duty to impose sentence on a case-by-case basis, and to fashion the punishment to both the crime and the criminal. *State v. Brewster,* 836 S.W.2d 9, 15 (Mo.App. E.D.1992).

Furthermore, a trial court does not err in sentencing when it considers other factors aside from a defendant's assertion of his or her constitutional right, so that a comment on the defendant's assertion of rights is not the determinative factor in imposing sentence. *Wright,* 998 S.W.2d at 83. The trial court concluded its remarks at the sentencing:

> [The State] is recommending kind of mid range of the sentence on a Class A felony and that's probably not that inappropriate. I don't think that you are toward the upper range because you didn't use an actual weapon and although they were just as scared as they would be if you had a gun, maybe even more, I don't think it—it doesn't look to me like you are the kind of person that has a history of using actual weapons, you just use terror as a tool, so I don't think the minimum is appropriate either because of the prior convictions that you have; 5 misdemeanors, 20 traffic. [The State] is right, you know, traffic by itself, it doesn't say that much to me but when you pile them up in that number, it's just an absolute disregard for the rules and you are just a person that for whatever, lost or drug abuse or whatever it is, that cannot follow the rules and that's not a good candidate for probation, so really I think that what I have been trying to decide is the fair number of years and I think I've reached a decision on that.

It is clear that the trial court considered several factors, including Appellant's use of terror as a tool to commit crimes [4] and his disregard for the rule of law as evidenced by his accumulation of twenty traffic citations. Additionally, although the court did not comment on it, the presentence report indicated Appellant had two prior stealing convictions. Furthermore, the State had indicated to the court that the robbery was a very traumatic event for the pregnant store clerk, who felt isolated in the store. The clerk collapsed after the incident, continued to have nightmares, and completely changed her line of work out of fear for her safety. On the other hand, as a mitigating factor and in rejecting the State's recommendation for a sentence of fifteen years, the trial court found that Appellant did not use an actual weapon.

We are not convinced the trial court impermissibly subjected Appellant to a more severe punishment because he exercised a constitutional right. A trial court's sentencing decision is reviewed for abuse of discretion. *State v. Burton,* 355 Mo. 792, 198 S.W.2d 19, 22 (Mo.1946). An abuse of discretion occurs when the trial court's action is so unreasonable and arbitrary that it shocks the sense of justice

4. The facts supporting the conviction indicate that Appellant robbed a grocery store by handing a note to a clerk claiming there was a bomb in the store and a partner outside would blow the bomb if the clerk called the police or set an alarm at least ten minutes after Appellant left the store.

and indicates a lack of careful consideration. *State v. Cofield,* 95 S.W.3d 202, 205 (Mo.App. S.D.2003). Considering all of the factors, we do not find an abuse of discretion in this sentence. The sentence is affirmed; however, there is a clerical error in the record.

■■ As noted, Appellant was found guilty by a jury of the crime of robbery. In the written "Sentence and Judgment" and in the "Judgment and Sentence to Division of Corrections Found Guilty by Jury," the court indicated that Appellant was "charged as a prior, persistent or class X offender." The State concedes that Appellant was neither charged as a prior, persistent, or class X offender, nor does the record support a finding, beyond a reasonable doubt, that Appellant was a prior/persistent/dangerous offender. Both parties urge this Court to remand the cause to the trial court with instructions ordering it to make an entry of an order *nunc pro tunc,* pursuant to Rule 29.12(c).[5] Rule 29.12(c) provides, "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." Rule 29.12(c). A *nunc pro tunc* order is used to conform the record to what the court intended to do. *State v. Talkington,* 25 S.W.3d 657, 658 (Mo.App. S.D.2000).

■ Due process requires the State to charge a defendant, in the information or indictment, with an offense before he or she may be convicted of committing one. *State v. Hibler,* 5 S.W.3d 147, 150 (Mo. banc 1999); *State v. Kohser,* 46 S.W.3d 108, 114 (Mo.App. S.D.2001). The State concedes, and the record displays, that Appellant was never charged as a prior, persistent, or class X offender. The

State's failure to charge Appellant as a prior, persistent, dangerous, or class X offender prevented the trial court from convicting Appellant of being one. Thus, it must be that the trial court did not intend to convict Appellant of being a "prior/persistent/dangerous offender." A *nunc pro tunc* order is appropriate in this case to conform the record to what the trial court intended to do. *Talkington,* 25 S.W.3d at 658. The cause must be remanded to the trial court for entry of an order *nunc pro tunc* striking the clerical mistakes in the "Sentence and Judgment," where the court found that Appellant was a "prior/persistent/dangerous offender" and in the "Judgment and Sentence to Division of Corrections Found Guilty By Jury," where the court found that Appellant "was ... charged as a prior, persistent or class X offender."

The sentence is affirmed; the cause is remanded to the trial court with orders to make an entry of an order *nunc pro tunc* consistent with this opinion.

PARRISH and LYNCH, JJ., concur.

---

5. All rule references are to Missouri Court Rules (2006), unless otherwise specified.