Ronald B. JARRETT, III, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29896.

Missouri Court of Appeals, Southern District, Division Two.

June 4, 2010.

---

Rosalynn Koch, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Terrence M. Messonnier, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

This appeal comes to this Court on Movant's motion for post-conviction relief asserting that his guilty plea was not intelligently and voluntarily entered for the reason that he received ineffective assistance of counsel. The motion court entered an order denying the motion. We affirm the motion court.

### *Factual and Procedural History*

The criminal proceedings relevant to this appeal actually span two separate cases. On June 20, 2002, an information was filed on Movant's initial case charging him with forcible rape in violation of § 566.030.[1] David Back was appointed to represent Movant in the initial case. The State dismissed the initial case and refiled a felony complaint the same day, March 25, 2005, also charging a violation of § 566.030. A felony information was filed on May 17, 2005. Cristy Meadows was appointed to represent Movant in the second case.

On July 1, 2005, Movant pled guilty to forcible rape as charged for a violation of § 566.030.[2] Pursuant to the guilty plea, Movant was sentenced to 14 years in prison, but execution of the sentence was suspended, and Movant was placed on 5 years of supervised probation.

On January 25, 2008, Movant's probation was revoked and his sentence was executed. On July 17, 2008, Movant, self-represented, filed a "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" pursuant to Rule 24.035.[3] Movant was appointed counsel, who, on February 9, 2009, filed an amended motion, which alleged that Movant's plea counsel was ineffective because she "should have filed

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated. All references to 566.030 are to RSMo Cum.Supp.2005.

2. Meadows was not present at Movant's plea hearing. Another attorney, Shawn Markin, was representing Movant. Markin, however, testified that it was the responsibility of appointed counsel, in this case Meadows, to advise Movant of any issues regarding his plea.

3. All rule references are to Missouri Court Rules (2010).

to dismiss the charge based on the potential expiration of the statute of limitations and based on the failure to afford Movant a speedy trial." On April 30, 2009, the motion court held an evidentiary hearing on Movant's motion. The motion court heard testimony from, among others, Movant, Back, and Meadows. On June 1, 2009, the motion court entered a judgment denying Movant's motion.

Movant's sole point relied on alleges that the motion court erred in overruling Movant's motion for post conviction relief because Movant proved that his guilty plea was not intelligently and voluntarily entered for the reason that he received ineffective assistance of counsel in that counsel failed to assert and move to dismiss the second information for violation of Movant's right to a speedy trial. Movant asserts he pled guilty without knowing that he had a right to ask for a dismissal.

### Standard of Review

Our review of the motion court's disposition of a motion filed pursuant to Rule 24.035 is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made." *State v. Nunley,* 980 S.W.2d 290, 291–92 (Mo. banc 1998). Furthermore, because the motion court is in a better position to weigh the credibility of witnesses, we give deference to its credibility determination. *Bradley v. State,* 292 S.W.3d 561, 566 (Mo.App. E.D.2009).

### Analysis

■ Movant's brief seems to allege that both Back and Meadows were ineffective in this case: Back because he "failed to assert [Movant]'s right to a speedy trial in the first place, which would have resulted in outright dismissal by the court and prevented the State from making an end run and refilling [sic]," and Meadows because she "failed to explain [Movant]'s right to request that the case be dismissed because [Movant]'s right to a speedy trial had been violated." A claim against Back was not included in Movant's amended motion; therefore, we cannot address any claim against Back on this appeal because it has been waived. "[W]hen a defendant fails to raise a claim in his Rule 24.035 motion, he waives it." *Gilyard v. State,* 303 S.W.3d 211, 214 (Mo.App. W.D.2010). We only address Movant's claim against Meadows. "To prevail on claims of ineffective assistance of counsel, Movant must establish that (1) counsel's conduct fell below an objective standard of reasonableness and (2) counsel's deficient conduct or errors prejudiced Movant's case." *Winder v. State,* 151 S.W.3d 413, 416 (Mo.App. S.D.2004). "A guilty plea waives all errors—including ineffective assistance of counsel claims—that do not impair the knowing and voluntary nature of the plea." *Berry v. State,* 214 S.W.3d 413, 415 (Mo. App. S.D.2007).

■ With respect to Movant's argument that counsel failed to file a motion to dismiss for violation of his right to a speedy trial, we find it is without merit. In evaluating the elements set forth in *Winder,* the "reviewing court may examine the prejudice prong before the performance prong, and may resolve it on lack of prejudice grounds alone." *Summers v. State,* 84 S.W.3d 514, 516 (Mo.App. S.D. 2002) (citing *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987)).

Movant has failed to establish prejudice in this case. A showing of prejudice requires Movant to establish that but for his plea counsel's errors, he would have insist-

ed on going to trial instead of entering a guilty plea. *Roberts v. State,* 276 S.W.3d 833, 836 (Mo. banc 2009). Meadows testified that she did not file a motion for speedy trial because Movant's case required a significant amount of time to prepare due to the nature of the charges. Meadows explained that in her opinion, a motion for speedy trial is "frivolous unless you're actually ready for trial. So I refuse to file motions for speedy trial unless we're actually ready. And I explain that to the clients." Also, the following colloquy took place between Movant and the State at Movant's evidentiary hearing:

Q. Okay. Would you have wanted Cristy Meadows to file a motion for speedy trial even if that would have meant that she would not have an adequate time to prepare for trial?

A. I don't—I'm not fully aware of how the court proceedings go, so I don't know.

Q. But you would have wanted her to be as prepared as possible?

A. I'm sure I would have.

In light of Meadows' testimony that she did not file a motion for speedy trial because she needed more time to prepare for trial, and Movant's testimony that he would want her to be as prepared as possible for trial, Movant has failed to produce evidence he would have insisted on going to trial without Meadows being properly prepared instead of pleading guilty. Movant has not demonstrated the required prejudice; his point is denied.

The judgment is affirmed.

LYNCH, P.J., and RAHMEYER, J., concur.