**Tom Willie BRANCH III, Appellant,**

v.

**STATE of Missouri, Respondent.**

**ED 104634**

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: August 15, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied
September 25, 2017

Application for Transfer Denied
November 21, 2017

Randall G. Brachman, for appellant.

Mary H. Moore, for respondent.

Lisa P. Page, Presiding Judge

Tom Branch ("Movant") appeals from the denial of his Rule 24.035 motion for post-conviction relief, contending he was forced to plead guilty because Plea Counsel (I) failed to file a motion for a speedy trial, and (II) failed to raise a defense that the weapon used in the robbery could not be traced back to Movant. We affirm.

## BACKGROUND

On June 12, 2014, Movant and his co-defendant lured a pregnant friend ("Victim") to their car in order to steal $120 from her. When Victim entered the vehicle, Movant pointed a silver revolver at her, demanded that she turn over her money, and then forced her from the vehicle. After Victim called 911, the police tracked Movant to the basement of a house, where they discovered Movant hiding in a storage closet along with a silver revolver.

During a recorded interview while in custody, Movant confessed he had used a gun to rob Victim. Movant also spoke to an interviewer with the Missouri Department of Children's Services,[1] where he again confessed his involvement in the armed robbery with a gun. Movant was charged as a prior felony offender with one count of first-degree robbery, in violation of Section 569.020,[2] and one count armed criminal action, in violation of Section 571.015.[3]

Initially, the State offered Movant a plea bargain of twenty years' imprisonment, but Movant informed his attorney ("Plea Counsel") that his goal was to obtain a more favorable plea. To that end, in September, Plea Counsel acquired a change of judge in order to avoid the prosecutor assigned to that particular division. The State thereafter offered Movant sixteen years, and Movant told Plea Counsel he

---

1. The Department was involved because the co-defendant had her young child in the car during the robbery.

2. All statutory citations are to RSMo Cum. Sup. 2014 unless otherwise noted.

3. Additionally, Movant was charged with one count of unlawful use of a weapon, Section 571.070, which was dismissed prior to Movant's guilty plea.

would accept twelve. Movant's trial was set for February 17, 2015.

On February 11, 2015, Movant sent a letter directly to the trial court, which read:

> I, [Movant] is herby [sic] asking the courts to grant me a conference hearing with the Honorable Judge Ted House, The District Attorney, as well as My Attorney. I know with this conference hearing that I would be able to resolve this legal matter in a timely manner without costing the county of St. Charles for a trial [sic].

Movant's trial date was continued twice, and was ultimately docketed for a June 23 trial.

Movant pleaded guilty on June 6, 2015. At the plea hearing, Movant stated that he wished to waive his right to a jury trial and plead guilty, that no promises or threats had been made to induce his plea, and that he had "a lot" of time to consult with and discuss his case with Plea Counsel. The trial court accepted Movant's plea, found no probable cause to believe Plea Counsel was ineffective, and sentenced Movant to eleven years' imprisonment.

On October 9, 2015, Movant filed his Rule 24.035 *pro se* motion for post-conviction relief. Counsel was appointed on October 19, and the transcripts were filed in the underlying criminal cause (1411-CR03496-01) on November 6. Movant's amended motion was filed January 5, 2016. After an evidentiary hearing on Movant's amended motion, the motion court denied Movant's request for relief.

This appeal follows.

## DISCUSSION

### *Abandonment*

■ Before we reach the merits of Movant's appeal, we must address the timeliness of Movant's amended motion. *Moore v. State*, 458 S.W.3d 822, 826 (Mo. banc 2015). An amended motion for post-conviction relief must be filed within sixty days of the date both a complete transcript of the guilty plea and sentencing hearing is filed and counsel is appointed. *See* Rule 24.035(g). Rule 24.035(g) requires that the plea court transcript be "filed in the trial court" (i.e., post-conviction court).

Here, Plea Counsel was appointed on October 19, 2015, and Movant asserts the transcripts were filed on November 6, 2015. Movant's amended motion was filed January 5, 2016, within sixty days of November 6. The State, however, correctly notes that no record of a filed transcript appears under Movant's post-conviction relief cause (1511-CC0863). Rather, a review of Case.net records reveals the proper transcripts were, indeed, filed in Movant's underlying criminal cause (1411-CR03496-01) on November 6, 2015.

Although the transcript was never filed or docketed within Movant's post-conviction claim, it is undisputed that Plea Counsel, attorney for the State, and the trial court had access to this transcript.[4] This court has also been provided a copy of the transcript for purposes of this appeal. Accordingly, in the interests of judicial efficiency, this court takes notice of the transcript filed under 1411-CR03496-01, and elects to proceed with Movant's substantive claims on appeal.[5] *See Envtl. Utils.,*

---

4. The requirement that the transcript be filed within the post-conviction court serves many purposes, including judicial efficiency and fairness. Post-conviction counsel should carefully follow Rule 24.035.

5. We recognize the limitations presented by Case.net, as it is "not an official record" and "may contain inaccurate and incomplete information." *Johnson v. McCullough*, 306 S.W.3d 551, 559 n.4 (Mo. banc 2010). However, the litigants do not dispute that the transcript was filed in the underlying cause.

*LLC v. Pub. Serv. Comm'n*, 219 S.W.3d 256, 265 (Mo. App. W.D. 2007) ("Courts may take judicial notice of other proceedings when the cases are interwoven or interdependent."); *Hodge v. State*, 749 S.W.2d 423 (Mo. App. S.D. 1988) (in post-conviction relief proceeding, the court of appeals could take notice of the trial transcript from the original trial "even if it had not been introduced at the post-conviction proceeding."); *Layton v. State*, 500 S.W.2d 267, 270 (Mo. App. 1973) (where remand of case would prolong the proceeding and it was in best interest of state and defendant to have post-conviction proceeding decided as soon as possible, the court of appeals would take notice of transcript on original appeal.).

### Standard of Review

■ Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *See* Rule 24.035(k). The findings and conclusions are clearly erroneous if a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. *Sams v. State*, 980 S.W.2d 294, 296 (Mo. banc 1998). The motion court's findings are presumed correct. *Taylor v. State*, 456 S.W.3d 528, 533 (Mo. App. E.D. 2015). The judgment should be affirmed if the judgment is sustainable on other grounds. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013).

### Ineffective Assistance of Counsel after a Guilty Plea

■ The purpose of the effective assistance guarantee afforded by the Sixth Amendment "is simply to ensure that criminal defendants receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Movant believes this right was violated, he must prove: (1) Plea Counsel failed to conform her representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances; and (2) Movant was prejudiced as a result. *Id.*; *Giammanco v. State*, 416 S.W.3d 833, 838 (Mo. App. E.D. 2013).

■ Regarding the first prong of *Strickland*, Plea Counsel's representation must have fallen below "an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. Movant must establish a claim by a preponderance of the evidence. *See* Rule 24.035(i). This burden is a heavy one, however, as "the movant must overcome a strong presumption that counsel provided competent assistance." *Deck v. State*, 68 S.W.3d 418, 425-426 (Mo. banc 2002). "If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Jarrett v. State*, 313 S.W.3d 172, 174 (Mo. App. S.D. 2010). Thus, a movant "must establish a serious dereliction of duty that materially affected his substantial rights and further show that his guilty plea was not an intelligent or knowing act." *Taylor*, 456 S.W.3d at 534.

The prejudice prong of *Strickland* requires a demonstration that but for the errors of Plea Counsel, Movant would not have pleaded guilty and would have insisted upon going to trial. *Evans v. State*, 921 S.W.2d 162, 164 (Mo. App. W.D. 1996). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052; *Jarrett*, 313 S.W.3d at 174.

### Point I–Movant was Not Prejudiced by Lack of Speedy Trial

■ In his first point, Movant contends the motion court clearly erred in denying, after an evidentiary hearing, his motion for

post-conviction relief, arguing he was forced to plead guilty because Plea Counsel failed to file a motion for a speedy trial. But for said ineffective assistance of counsel, Movant maintains he would not have pleaded guilty and would have proceeded to trial. Movant therefore asserts he was deprived of his rights to due process of law, effective assistance of counsel, right to a speedy trial and jury trial, and right to present a defense, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 14, 18(a), 19, and 22(a) of the Missouri Constitution. We find Movant's claim to be without merit on lack of prejudice grounds alone. *Jarrett*, 313 S.W.3d at 174.

"A showing of prejudice required Movant to establish that but for his plea counsel's errors, he would have insisted on going to trial instead of entering a guilty plea." *Id.* at 174-75. Plea Counsel testified that she did not file a motion for a speedy trial because Movant's case required significant amount of time to prepare, and Movant's goal was not to go to trial but to secure a more favorable sentence—which Plea Counsel successfully obtained for Movant. Conversely, Movant maintains he wanted Plea Counsel to pursue a speedy trial, and the delays were solely the fault of Plea Counsel. The motion court found Plea Counsel to be credible, and found Movant's credibility on this point lacking. *Id.* ("[T]he motion court is in a better position to weigh the credibility of witnesses, we give deference to its credibility determination.").

Further, in February 2015, Movant sent a letter directly to the trial court, which read:

I, [Movant] is herby [sic] asking the courts to grant me a conference hearing with the Honorable Judge Ted House, The District Attorney, as well as My Attorney. I know with this conference hearing that I would be able to resolve this legal matter in a timely manner without costing the county of St. Charles for a trial [sic].

Movant subsequently pleaded guilty on June 6, 2015. If Movant truly desired to go to trial, he could have waited *just two weeks more* for his trial to begin on June 23. Thus, these facts refute Movant's contentions that he was prejudiced. *See Dawson v. State*, 423 S.W.3d 314, 317 (Mo. App. E.D. 2014) (the record refuted that movant was prejudiced by his counsel's conduct).

Finally, at Movant's plea hearing, Movant waived his right to a jury trial and pleaded guilty, stating that no promises or threats had been made to induce his plea and that he had "a lot" of time to consult with and discuss his case with Plea Counsel. Such statements conclusively refute Movant's allegations that he otherwise would have proceeded to trial, further demonstrating he was not prejudiced. *Taylor*, 456 S.W.3d at 534.

Thus, this court is not left with a definite and firm impression that the motion court erred in denying Movant's claim for post-conviction relief. *Sams*, 980 S.W.2d at 296.

Point I is denied.

**Point II–Plea Counsel Was Not Ineffective in Focusing on Other Defense Strategies**

In his second point on appeal, Movant contends the motion court clearly erred in denying, after an evidentiary hearing, his motion for post-conviction relief, arguing he was forced to plead guilty because Plea Counsel failed to raise a particular defense at his request. But for these purported ineffective assistance of counsel claims, Movant maintains he would not have pleaded guilty and would have proceeded to trial. As a result, Movant asserts he was deprived of his right to due process of law, effective assistance of counsel, right to a

jury trial and right to present a defense as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 18(a), 19, and 22(a) of the Missouri Constitution.

During Plea Counsel's representation of Movant, they discussed potential defenses, including the possibility of extricating Movant from the gun used in the robbery. However, Plea Counsel found the potential defense implausible for numerous reasons. First, Victim knew Movant personally and saw the silver revolver pointed at her while she was being robbed and would testify as to the same at trial. Second, Movant had already confessed to using the gun to both the investigating detective and to an interviewer with the Children's Division. Third, at Movant's arrest, he was found hiding in a storage area of a home basement in possession of the same silver revolver seen by Victim. "[A] strategic choice made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *State v. Harris*, 870 S.W.2d 798, 816 (Mo. banc 1994) (citations omitted).

Movant has not established Plea Counsel's choice to pursue other defense strategies was "a serious dereliction of duty" as to render her performance unreasonable. *Taylor*, 456 S.W.3d at 534. In fact, Plea Counsel's acts appear to be a most reasonable trial strategy based on the facts of the case. *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009) ("The choice of one reasonable trial strategy over another is not ineffective assistance."); *Sams*, 980 S.W.2d at 296 ("It is not ineffective assistance of counsel to make a reasonable trial strategy decision."). Thus, we are not left with a definite and firm impression that the motion court erred in denying Movant's claim for post-conviction relief. *Id.* at 296.

Point II is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

Roy L. Richter J. and Philip M. Hess, J., concur.