**Albert SPICER, III, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 70255.**

Missouri Court of Appeals, Western District.

Dec. 22, 2009.

Susan L. Hogan, for Appellant.

Jayne T. Woods, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

JOSEPH M. ELLIS, Judge.

Albert Spicer III appeals the denial of his Rule 24.035 motion after an evidentiary hearing. Spicer pled guilty to five counts of the class B felony and eight counts of the class D felony of recklessly exposing a person to HIV, Section 191.677 (RSMo Cum Supp.2004). Spicer was sentenced to concurrent terms of fifteen years for each count of the class B felony and four years for each count of the class D felony. He claims that the trial court violated his due process rights when it sentenced him to a term in excess of that recommended by the sentencing assessment report ("SAR").

Spicer was diagnosed with HIV in 1992. Between 2002 and 2004, Spicer exposed as many as seven women to the virus through

sexual intercourse. He did not inform any of the women of his HIV status. One of the women was subsequently diagnosed with HIV.

Spicer was charged with twenty five counts of recklessly exposing another person to HIV infection: one class A felony, ten class B felonies, and fourteen class D felonies. Pursuant to a plea agreement, the State agreed to dismiss the class A felony, five counts of the class B felony, and six counts of the class D felony and to recommend concurrent sentences in exchange for Spicer's guilty plea to the court on the remaining five class B felonies and eight class D felonies. At the plea hearing on November 14, 2006, Spicer acknowledged that he was aware that his sentence could range from five to fifteen years for the class B felonies and that he could receive between one and four years for the class D felonies. The court informed Spicer that he could not receive a sentence greater than fifteen years because the sentences would run concurrently. Spicer acknowledged that he understood the plea agreement and that he was pleading guilty because he was guilty. After the State established the factual predicates for the pleas, the trial court accepted the plea and ordered an SAR.

The SAR recommended a six year mitigated sentence, an eight year presumptive sentence, and a ten year aggravated sentence. Spicer urged the court to impose the mitigated sentence because he had accepted responsibility for his actions. The State expressed its concern that, because of limitations in the software, the SAR could only take into account one victim, while there were as many as six Missouri victims in this case. The State asked for a fifteen year sentence. After hearing argument, the court imposed the maximum sentences of fifteen years for each class B

felony and four years for each class D felony, with the sentences to run concurrently.

Spicer filed a *pro se* Rule 24.035 motion. Appointed counsel filed an amended motion. Spicer was granted an evidentiary hearing, after which the trial court entered findings of fact and conclusions of law denying relief. This appeal followed.

■ Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Eichelberger v. State*, 134 S.W.3d 790, 792 (Mo.App. W.D.2004). The motion court's actions are clearly erroneous "if, after a review of the entire record, the appellate court is left with a firm and definite impression that a mistake has been made." *Carroll v. State*, 131 S.W.3d 907, 908 (Mo.App. S.D.2004).

■ Spicer asserts that the trial court's imposition of a sentence greater than that recommended by the SAR violated his due process rights. Spicer acknowledges that Section 558.019.7[1] permits the trial court to exceed or lower the sentence recommended in the SAR. Regardless, he asks this court "to resentence him to no more than ten years in prison, in accordance with the recommendations of the SAR."

The recommendations of the SAR are advisory, and the trial court is not bound by them. *Section 558.019.7, RSMo 2000.* The trial court has discretion in fixing the length of sentence. *State v. Stout*, 960 S.W.2d 535, 536 (Mo.App. E.D.1998). This discretion is limited, however, to the extent that the sentence must be within the statutory range of punishment. *State v. Lynch*, 131 S.W.3d 422, 427 (Mo.App. W.D.2004). Here, the class B felonies to which Spicer pled guilty were punishable by a term of

---

**1.** All statutory references are to RSMo (Cum. Supp.2008) unless specified otherwise.

five to fifteen years. *Section 558.011.1(2)*. The sentence imposed, fifteen years on each count, did not exceed the statutory maximums.

Spicer contends, nevertheless, that the failure to follow the SAR's recommendations violated due process. As the recommendations in an SAR are advisory, not mandatory, this court has held that "failure to consider a pre-sentence report does not violate an accused's right to due process." *Elo v. State,* 639 S.W.2d 644, 648 (Mo.App. W.D.1982). Indeed, the only due process required by Section 558.026 is that the court make the contents of the SAR available to the defendant. Here, both Spicer and defense counsel acknowledged that they had received a copy of the SAR prior to sentencing.

In denying Spicer's Rule 24.035 motion, the motion court found that Spicer was fully advised as to the range of punishment and that the trial court could impose any sentence within that range and he was given a full and fair opportunity to address any concerns about the range of punishment or the trial court's discretion. In view of the record, the motion court concluded that Spicer's claim was without merit.

The findings of fact and conclusions of law of the motion court were not clearly erroneous. The sentence imposed did not violate Spicer's due process rights. Judgment affirmed.

All concur.