**Tracy E. GREER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98913.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 20, 2013.

Samuel Buffaloe, Columbia, MO, for Appellant.

Chris Koster, Daniel N. McPherson, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Tracy Greer ("Movant"), appeals from the denial of his Rule 29.15 post-conviction relief motion without an evidentiary hearing. In *State v. Greer*, 348 S.W.3d 149 (Mo.App. E.D.2011) this Court affirmed in part and reversed and remanded in part Movant's underlying convictions. Movant now argues that his claims of ineffective assistance of counsel entitle him to post-conviction relief. We affirm in part and reverse and remand in part.

## I. BACKGROUND

A jury convicted Movant of three counts of assault in the first degree, in violation of Section 565.050, RSMo 2000; three counts of armed criminal action, in violation of Section 571.015, RSMo 2000; six counts of endangering a corrections employee, in violation of Section 565.085, RSMo Supp. 2006; and one count of possession of a weapon in a correctional facility, in violation of Section 217.360, RSMo Supp.2006. The trial court sentenced Movant as a prior and persistent offender to a total of twenty-five (25) years' imprisonment. On appeal, this Court remanded the case to correct the sentences on the six counts of endangering a corrections employee, but affirmed the judgment in all other respects. *Greer,* 348 S.W.3d at 158. In *Greer, supra,* we set forth in detail the underlying facts which resulted in Movant's aforementioned convictions. Therefore, in this opinion we will recount only those facts relevant to the issues presented in the Rule 29.15 post-conviction appeal.

Movant filed a timely motion for post-conviction relief pursuant to Rule 29.15. Counsel was appointed to represent Movant, and an amended motion was filed. The amended motion alleged, for various reasons, Movant was provided with ineffective assistance by his Trial Counsel. The amended motion was denied without an evidentiary hearing and the motion court issued its Findings of Fact, Conclusions of Law and Order.

This appeal now follows.

## II. DISCUSSION

Movant advances two points on appeal. In his first point, Movant argues the motion court erred in denying him an evidentiary hearing on his Rule 29.15 postconviction relief claim, in that Trial Counsel was ineffective for failing to object to certain remarks proffered during the State's closing argument, in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Specifically, Movant contends Trial Counsel was ineffective for failing to object and request a mistrial after the State referred to Movant's physical appearance as "Taliban-looking."

Next, Movant asserts the motion court erred in denying him an evidentiary hearing on his Rule 29.15 post-conviction relief claim, in that Trial Counsel was ineffective for failing to object to the sentencing court's alleged consideration of Movant's exercise of his constitutional right to proceed to trial when imposing sentence, in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

### Standard of Review

Appellate review of a denial of a 29.15 motion for post-conviction relief is limited to determine whether the motion court's "findings of fact and conclusions of law are clearly erroneous." *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005). This Court deems a motion court's findings of fact and conclusions of law clearly erroneous only if a full review of the record leaves us with a definite and firm impression that a mistake has been made. *Clark v. State*, 261 S.W.3d 565, 568 (Mo.App. E.D.2008).

Pursuant to Rule 29.15, an evidentiary hearing is not required "[i]f the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief[.]" Rule 29.15(h). Accordingly, the motion court is only required to grant an evidentiary hearing on a Rule 29.15 motion for post-conviction relief if the movant satisfies three requirements: (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005).

When, as in the present case, the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must show by a preponderance of the evidence both that the counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney and that such deficiency prejudiced the movant. *Dickerson v. State*, 269 S.W.3d 889, 892 (Mo. banc 2008); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also* Rule 29.15(i). First, the performance component requires counsel to exercise the "skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances." *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987) (quoting *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir.1984)) (emphasis in original). Because this Court reviews the reasonableness of trial counsel's conduct not from hindsight but from counsel's perspective at the time of trial, movant must overcome a "strong presumption" that the trial counsel's performance was reasonable and effective. *Nelson v. State*, 372 S.W.3d 892, 895 (Mo.App. E.D.2012); *see also Vogel v. State*, 31 S.W.3d 130, 135 (Mo.App. W.D.2000) ("In determining whether counsel's performance was defi-

cient, the courts must refrain from using hindsight to second-guess decisions of trial strategy."). Second, the prejudice prong requires movant "show there is a reasonable probability that, but for Counsel's errors, the outcome of the proceedings would have been different." *Nelson*, 372 S.W.3d at 895.

## *Analysis*

### Point I—Closing Argument

In his first point on appeal, Movant alleges the motion court erred in denying him an evidentiary hearing on his Rule 29.15 post-conviction relief claim because he received ineffective assistance of counsel. Specifically, Movant contends Trial Counsel was ineffective for failing to object and request a mistrial after the State referred to Movant's appearance as Taliban-looking during the State's closing rebuttal argument, because that statement was improper and likely to inflame and excite the prejudices of the jury. But for Trial Counsel's failure to object during closing argument, Movant asserts there is a reasonable probability the outcome of his trial would have been different.

 Trial counsel is granted vast latitude and judgment about whether or when to make objections. *Helmig v. State*, 42 S.W.3d 658, 678 (Mo.App. E.D.2001). Merely because a trial counsel failed to object to everything objectionable, does not equate to incompetence. *Lung v. State*, 179 S.W.3d 337, 342 (Mo.App. S.D. 2005). "In many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes." *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996). As such, "[t]he failure to object during closing argument only results ineffective assistance of counsel if it prejudices the accused and deprives him of a fair trial." *Jackson v. State*, 205 S.W.3d 282, 290 (Mo.App. E.D.

2006). If a movant fails to proffer evidence of prejudice and deprivation of a fair trial, a trial counsel's failure to object constitutes only a procedural default, precluding appellate or collateral relief. *Helmig*, 42 S.W.3d at 679; *see also Bradley v. State*, 292 S.W.3d 561, 564 (Mo.App. E.D. 2009) ("Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object.").

During the State's closing rebuttal argument, the prosecutor stated to the jury the following:

> Now, it's really sad when electronic equipment fails. The camera didn't work. There it is. We laid it out there for you. It didn't work, okay. Things don't work sometimes. You don't always jump to some mad conspiracy when things don't work, you know, when it's a corrections officer.... What do you want them to do? "The camera doesn't work. Hey, I guess we'll leave these two heads wrapped up, Taliban looking guys, in their cells with these assortment of shanks and let them sort it out." Huh? Is that what they should have done. "The camera doesn't work; nobody will believe us. Let's just leave them in there." Are you kidding me? Are you kidding me? It didn't work.

In order to understand the import of the State's rebuttal argument, it is important for this Court to review the entire record, not just an isolated segment. *State v. McFadden*, 369 S.W.3d 727, 747 (Mo. banc 2012). Here, the State's reference to "Taliban" was in response to the defense's closing argument suggesting the State's witnesses had lied about the failed videotaping. Specifically, Defendant, during closing argument, conveyed the idea that the correctional center was attempting to deny the existence of the videotape to cover up their misconduct:

Again, Ladies and Gentlemen, basically this case amounts to the lieutenant and the captain wanting you to take their word for something that a video tape would have more than likely contradicted. Doesn't make sense to hide something that would back you up. Doesn't make sense to hide something that would have proven you didn't use excessive force. That's exactly what happened.

To counter defense counsel's fabrication insinuation made during closing argument, the State made reference, in their rebuttal closing argument, to Corrections Officer Charles Boone's ("Boone") testimony:

> **Q [Prosecutor]:** All right. And, what observation did you make about Tracy Greer?
>
> **A [by Boone]:** Tracey Greer—they was [sic] ready to fight.
>
> **Q:** What do you mean by that?
>
> **A:** Because they had their head wrapped in tee-shirts and towels like the Taliban or something; showing us weapons that they had made.

 "The State always has 'considerable leeway' to make retaliatory arguments during closing argument, 'and is permitted to retaliate to an argument made by the defense.'" *Hardy v. State,* 387 S.W.3d 394, 401 (Mo.App. S.D.2012) (quoting in part *Aaron v. State,* 81 S.W.3d 682, 697 (Mo.App. W.D.2002)). Nevertheless, while the prosecutor may make statements that draw a legitimate inference from the evidence, the prosecutor is prohibited from making statements that imply a knowledge of facts not before the jury. *State v. Simmons,* 944 S.W.2d 165, 182 (Mo. banc 1997).

 Here, the State's rebuttal closing argument was proffered to both retaliate against the defense's argument of fabrication (i.e., can the State's story be true if there was no videotape?) and was a legitimate inference from the testimony offered during trial. Considered in context, the State's argument was proper retaliation for defense counsel's closing argument. *See State v. Parker,* 886 S.W.2d 908, 922 (Mo. banc 1994) ("A defendant may not provoke a reply to his own argument and then assert error.").

Movant relies heavily upon *State v. Banks,* 215 S.W.3d 118 (Mo. banc 2007), wherein the State, during rebuttal closing argument, referred to the defendant as the "Devil." *Id.* at 119. In *Banks,* the Missouri Supreme Court held that the prosecutor's reference to the defendant as the "Devil" was unwarranted and prejudiced the defendant because there was no evidence adduced during trial that the defendant was in fact the devil. *Id.* at 121. Accordingly, the *Banks* court found "[t]he remark was pure hyperbole, an ad hominem personal attack designed to inflame the jury." *Id.; Cf. State v. Healey,* 562 S.W.2d 118, 130 (Mo.App.1978) (prosecutor's characterization of defendant as "it was a diabolical situation and he is a devil" was not prejudicial error).

We agree and reinforce the holding in *Banks.* However, the case at bar is inapposite. First, there was testimony adduced during trial that Movant had his head wrapped in a tee-shirt "like the Taliban." *See, e.g., State v. Bailey,* 714 S.W.2d 590 (Mo.App. E.D.1986) (the court held that no prejudice to the defendant resulted from the prosecutor's reference during closing argument to defendant as being in a group with "bad" and "evil" people, because the characterization was linked to some proof); *State v. Mayfield,* 562 S.W.2d 404 (Mo.App.1978) (prosecutor's reference to defendant as "monster" during closing argument was not prejudicial error); Second, the State did not refer to Movant as a member of the Taliban or as

an associate of the terrorist organization, but rather only as "Taliban looking[.]" The comment was not the State's own, but rather a witness's testimony and was only offered by the State during rebuttal to counter the defense's attack on the witness's credibility and description of events. While the comments made by the State were inartful, they did not specifically mislead the jury nor could they be construed as depriving Movant of a fair trial. Unlike the defendant in *Banks,* Movant cannot prove prejudice because the State was not attempting to bolster the strength of Boone's testimony by implanting a personal or inflammatory attack upon Movant. *State v. Davis,* 825 S.W.2d 948, 952 (Mo. App. E.D.1992) ("although the comment in question may have been the product of prosecutorial overzealousness, it could not reasonably be held to have had a decisive effect upon the verdicts").

■ In this case, the motion court found that Trial Counsel's failure to object to the above-quoted language of the State's closing rebuttal argument was reasonable trial strategy and was in accord with the evidence adduced during trial. We agree. Movant has not overcome the burden that the State's rebuttal argument caused prejudice or deprived him of his right to a fair trial. Since Defendant raised the issue of the missing videotape, the State was entitled to respond. Moreover, besides the fact that an objection by Trial Counsel would have rightfully been overruled, an objection by Trial Counsel would have only served to highlight the State's rebuttal closing argument, and would have diverted the jury's attention away from Defendant's claim that the State's witness fabricated the attack. *See Barnes v. State,* 334 S.W.3d 717, 723 (Mo. App. E.D.2011) ("Failure to make a non-meritorious object is not ineffective.").

■ Furthermore, when considering and reviewing the cumulative evidence of Movant's guilt, we find the elicited closing rebuttal argument was not prejudicial to Movant's case and had no effect on the verdict. *See State v. Long,* 768 S.W.2d 664, 666 (Mo.App. E.D.1989) ("A conviction will be reversed for improper argument only if it is established that the argument or the comments had a decisive effect on the jury verdict or that the trial court abused its discretion."). We are unable to conclude there is a reasonable probability that, but for counsel's failure to object to the "Taliban looking guys" comment, the outcome of the case would be different. *See Stuckey v. State,* 756 S.W.2d 587, 591 (Mo.App. W.D.1988) ("Standing alone, the failure to object to objectionable evidence or argument does not establish ineffective assistance of counsel ... The failure to object constitutes ineffective assistance of counsel only where the comment was of such a character that it resulted in a substantial deprivation of the accused's right to a fair trial."). The motion court did not err in finding Movant failed to show prejudice or performance criteria by counsel's conduct in not objecting to the State's closing rebuttal argument.

Point I is denied.

## Point II—Increase in Sentence

Movant, in his second point on appeal, claims the motion court erred in denying him an evidentiary hearing on his Rule 29.15 post-conviction relief claim because he was provided ineffective assistance of counsel. Specifically, Movant alleges Trial Counsel was ineffective for failing to object to the sentencing court's alleged consideration of Movant's exercise of his constitutional right to proceed to trial when imposing sentence. But for Trial Counsel's failure to object during sentencing, Movant asserts there is a reasonable prob-

ability the outcome of his sentencing proceeding would have been different.

When fashioning punishment and a prison sentence for a defendant, the sentencing court has a duty to undertake a "case by case, defendant by defendant," assessment. *State v. Lindsey*, 996 S.W.2d 577, 579 (Mo.App. W.D.1999). Pursuant to Section 557.036, the sentencing court determines the prison sentence of a defendant in view of "all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant...." Section 557.036.1, RSMo Supp.2006. However, the phrase "all the circumstances" is not without caveat.

Constitutionally, a court is prohibited from using the sentencing process to punish a defendant who chose to exercise his or her right to proceed to trial. *State v. Wright*, 998 S.W.2d 78, 83 (Mo.App. W.D.1999); *see also State v. Palmer*, 193 S.W.3d 854, 856 (Mo.App. S.D.2006) ("It is fundamental that one convicted of a crime must not be subjected to a more severe punishment simply because he or she exercised a constitutional right."). "*Any enhancement* of a defendant's sentence based on this fact would improperly punish a defendant for exercising his or her right to a full and fair trial to a jury." *Vickers v. State*, 17 S.W.3d 632, 634 (Mo.App. S.D. 2000) (emphasis added); *see also State v. Vaughn*, 940 S.W.2d 26, 29 (Mo.App. S.D. 1997) ("whether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence") (citations omitted).

The Missouri Court of Appeals, Western District, succinctly stated the appropriate and applicable standard: In *State v. Wright*, 998 S.W.2d 78 (Mo. App. W.D.1999), we held that "no consti-

tutional violation occur[s] if there were other reasons which also caused the court to impose the same sentence, so that the comment on the fact defendant went to trial was not determinative." *Id.* at 83 (dismissing and explaining language in *State v. Brewster*, 836 S.W.2d 9 (Mo.App. E.D.1992) which could be mistakenly read to suggest that retaliation requires proof that a trial court *solely* considered the defendant's exercise of a constitutional right in sentencing). By defining the standard as "determinative factor," and not as "solely," we made clear that the record cannot indicate that a trial court "enhance[d] the Defendant's sentence in part based on Defendant's decision to [exercise a constitutional right]." *Id.* at 84. In other words, if a defendant's exercise of a constitutional right was an actual factor considered by the sentencing court in imposing sentencing, then the exercise of the right was a "determinative factor" in sentencing, and retaliation has been demonstrated, even if other factors could have been relied on by the trial court to support the same sentence.

*Taylor v. State*, 392 S.W.3d 477, 488 (Mo. App. W.D.2012). That a defendant exercised his or her right to proceed to trial is completely irrelevant at sentencing; if a judge bases a sentence, or any aspect thereof, on a defendant's exercise of his fundamental right to proceed to trial, error has been committed and the sentence cannot stand. *Id.*; *State v. Barton*, 240 S.W.3d 693, 708 (Mo. banc 2007).

No rule or court decision requires the sentencing judge to justify, explain or detail to the defendant the elements taken into account at sentencing. *See* Section 557.036. When the sentencing judge chooses to explain or justify their reasoning, the result is often confusion among our appellate courts as to what the sen-

tencing judge considered in determining the sentence. *See e.g., State v. Vaughn,* 940 S.W.2d 26 (Mo.App. S.D.1997); *State v. Wright,* 998 S.W.2d 78 (Mo.App. W.D. 1999); *State v. Lindsey,* 996 S.W.2d 577 (Mo.App. W.D.1999); *State v. Palmer,* 193 S.W.3d 854 (Mo.App. S.D.2006); *State v. Collins,* 290 S.W.3d 736 (Mo.App. E.D. 2009).

This case offers no exception to the confusion caused by a sentencing court's comments. Here, before pronouncing sentence, the sentencing court addressed Movant:

> See, here's the thing. What I'm seeing right now is I'm looking at your parents, and I'm a parent, you know, and they're dying. You know. And I'm dying. Because I could only imagine to have my son in this situation. This is just heartbreaking. Because here's the thing: You strike me as a really bright guy, sharp guy, but you remind me of like a ram battering your head against the Grand Coulee Dam trying to bring it down repeatedly. You just bam, bam. You know, you just—you strike out a cause that can never be won with your anger, and just over and over. Your stubbornness is monumental. In the meantime, what happens is you accumulate all this. I mean, this is—this is something, you know, your time in.
>
> Now, on the other hand, I don't know if I could ever do time. I think I would go crazy if I was confined in a place like the Justice Center. I think I would. I would be bouncing off the walls. And your action along with your accomplice here looks like something just crazy. If you take a step back and look at it from the outside, it looks like the dumbest thing that was ever done by two guys that I've ever seen. You know? Trying to—I don't know what you were trying

> to accomplish, but according to you, it never happened. It was fabricated. My problem is, there's a lot of evidence in the case.
>
> So here's my other problem. The pretrial recommendation in this case was 20 years. While high, with your record I can see why it was that high. Now, your attorney wants me to give you 12 years. See, there a problem with that. *The problem that I have is, if I go and give you 12 years, or even 20 years, you're going to go back to the Justice Center and say, "I got less than the [recommendation], or I got the [recommendation], and I went to trial." And we're going to have a problem over here, because then more guys are going to be acting up like you are. There's going to be chaos. It's going to be out of control, and we're going to get more of these charges, and everyone's going to go to trial, because they're going to think they're going to get less than the recommended sentence or the same sentence. That's my problem.* Okay? I'll tell you that. (emphasis added)
>
> The other thing is, I watched the trial, and I looked at all the evidence at the same time when the jury was. And while I think that at your base, at your core, I really do believe that you are a good guy, I do, I'm going to have to give you what they're recommending. Okay?

Movant argues the above quoted language demonstrates the sentencing court considered inappropriate factors—specifically, Movant's exercise of his constitutional right to a jury trial—in imposing Movant's sentence. Conversely, the State contends Movant's decision to proceed to trial was not the "determinative factor," because the sentencing court relied upon and considered other appropriate factors

which justified the imposed sentence.[1]

■■■ This Court finds the sentencing judge's comments could conceivably be construed to mean that the Movant's rejection of a plea bargain caused him to receive a more severe sentence. The comments conveyed by the sentencing judge seem to consider two factors in rejecting Movant's requested 12–year sentence and imposing the State's post-trial 25–year sentence recommendation:[2] (1) Movant's prior criminal record; and (2) the "chaos" that would ensue due to more defendants exercising their rights to trial in hopes of receiving sentences less than the recommendations. In determining a defendant's sentence, the former is appropriate, while the latter is unconstitutional. However, the tenor of the sentencing court's observations is far from clear. The sentencing judge devotes an entire monologue to the "chaos" that would ensue if Movant was given a sentence less than the recommendation, whereas, the sentencing judge only dedicates a brief statement regarding Movant's prior criminal record. In fact, the sentencing judge refers to the ensuing "chaos" as a "problem." The sentencing judge may have had good and sufficient reasons for the imposed sentence, but if there are such reasons, the comments by the sentencing judge here are not adequately clear to make those reasons readily discernible.

In support of its argument, the State relies on *State v. Collins*, 290 S.W.3d 736 (Mo.App. E.D.2009). In *Collins*, the defendant argued on appeal that the court's

sentence of thirteen years' imprisonment violated his constitutional rights because the sentence was made in response to the defendant exercising his right to a jury trial. *Id.* at 745–46. To support his argument, the defendant cited to the sentencing court's language:

> ... I think for someone to be eligible for a program like that they have to know that they committed the crime that they've been convicted of, they have to have remorse. All right? They have to feel some type of pain for the pain that they have inflicted on these two victims here; and, I don't see that from you. All right.
>
> Now, I understand why you're doing it. You went to trial and you want to maintain your innocence to the bitter end.... For a lot of reasons you don't want to admit to me you did this; and, that's the decision that you have made. All right. And, that's fine. Okay. But don't expect something from me if you're not willing to give me something, okay, No. 1.

*Id.* at 746. Under those facts, this Court found that the comments did not support a finding that the sentencing court improperly punished defendant for exercising his right to a trial, because the comments indicated the sentencing court only considered defendant's lack of remorse and failure to take responsibility for his actions, both appropriate considerations. *Id.* at 747.

1. As aptly illustrated by Movant, the State advances contradictory arguments. On the one hand, the State argues the trial court "considered other factors *besides* [Movant's] exercise of his right to trial[,]" (emphasis added) thereby insinuating the sentencing court relied in part upon Movant's decision to proceed to trial. Clearly, this would be in violation of Movant's constitutional rights. *See*

*Taylor, supra.* On the other hand, the State contends Movant's exercise of his constitutional right to a jury trial was not the "determinative factor."

2. The State's pretrial recommendation requested a twenty (20) year sentence, whereas, the State's post-trial recommendation requested a twenty-five (25) year sentence.

However the State relies upon *Collins* not for its similarity to the case at bar, but for the language it employed. First, the *Collins* court states the sentencing court considered a number of factors in determining the defendant's sentence and the court did not view the sentencing judge's comments regarding the defendant's exercise of his right to proceed to trial "as the determinative factor in considering Defendant's sentence given the other factors clearly considered by the trial court." *Id.* at 747. Despite this, the *Collins* court goes onto find there was "no indication the trial court's sentence punishes Defendant *solely* for proceeding to trial." *Id.* (emphasis added).

While we do not contest the result of *Collins,* the "solely" language used by that court is inaccurate. Rather, the correct analysis and applicable standard, as held by *Taylor, supra,* is "if a defendant's exercise of a constitutional right was an actual factor considered by the sentencing court in imposing sentencing, then the exercise of the right was a 'determinative factor' in sentencing, and retaliation has been demonstrated, *even if other factors could have been relied on by the trial court* to support the same sentence." *Taylor,* 392 S.W.3d at 488 (emphasis added); see also *Wright,* 998 S.W.2d at 83 (rejecting the argument and interpretation of *State v. Brewster,* 836 S.W.2d 9 (Mo.App. E.D.1992), that a sentencing court does not err because imposition of sentence was not based "solely" upon defendant proceeding to trial).

The State also argues, citing to *Brewster,* that a sentencing judge is entitled to fashion a sentence in order to deter others from committing the crime and protect possible victims. *Brewster,* 836 S.W.2d at 15. Generally speaking, we agree that among the objectives of a sentence is an element of deterrence. However, the deterrent objective of sentencing should encourage and prevent others from committing the crime in the first place, not from deterring others who have *already* committed the crime from exercising their right to proceed to trial. Here, the sentencing court's comments suggest the court wanted to make an example of Movant, not for the crime he committed, but for the fact he chose to proceed to trial.

▋ In electing to offer comments immediately prior to pronouncing sentence, the sentencing court, in this case, failed to clearly articulate the basis for its decision, leaving doubt regarding the factors considered by the court in imposing Movant's sentence. Accordingly, once it appears in the record that the sentencing court has taken into consideration a defendant's exercise of his constitutional right to proceed to trial, the record must show that no improper weight was given the refusal to plead guilty. *Thurston v. State,* 791 S.W.2d 893, 896 (Mo.App. E.D.1990) (citing *United States v. Jackson,* 390 U.S. 570, 581, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968)) ("A practice which discourages the Fifth Amendment right not to plead guilty, which deters the Sixth Amendment right to demand a jury trial and which chills the assertion of these constitutional rights by penalizing those who choose to exercise them is patently unconstitutional."). In such a case, the record must affirmatively demonstrate that the sentencing court sentenced the defendant upon the facts of his case and his personal history, not as punishment for his refusal to plead guilty. *Thurston,* 791 S.W.2d at 896 ("The courts must not use the sentencing power as a carrot and stick to clear congested calendars, and they must not create an appearance of such a practice.") (Rule 29.15 proceeding remanded where the trial court was found to have consistent practice of imposing maximum sentence for prior offenders who exercised their right to trial)

(quoting *U.S. v. Medina–Cervantes*, 690 F.2d 715, 716 (9th Cir.1982)).

The comments made by the sentencing judge evidence the possibility of improper consideration of Movant's decision to exercise his constitutional right to proceed to trial. Accordingly, Movant's Rule 29.15 motion has alleged facts that would, if proven, establish the sentencing court impermissibly considered Movant's exercise of his constitutional right to proceed to trial when imposing sentence. We do not find that the evidence *"conclusively* show[s] that the movant is entitled to no relief[.]" Rule 29.15(h) (emphasis added). Therefore, the record does not conclusively show that Movant's Trial Counsel was not ineffective for failing to object at the sentencing hearing and Movant is entitled to an evidentiary hearing on this claim.

Point II is granted.

### III. CONCLUSION

We reverse the motion court's judgment insofar as it denies Movant's claim that counsel was ineffective for failing to object to the sentencing court's perceived consideration of Movant's exercise of his right to proceed to trial and remand for an evidentiary hearing on that allegation. In all other respects, the judgment is affirmed.

CLIFFORD H. AHRENS, GLENN A. NORTON, JJ., concur.