

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| HAROLD MORSE, | ) | No. ED101919 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Sandra Martinez |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 9, 2015 |

## Introduction

Appellant Harold Morse ("Morse") appeals from the judgment of the motion court denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing. Following a jury trial, Morse was convicted of one count of concealing a prohibited item in a correctional facility. The trial court sentenced Morse as a prior and persistent offender to thirty years' imprisonment. Morse's conviction and sentence were affirmed on direct appeal by this Court in State v. Morse, 413 S.W.3d 387 (Mo. App. E.D. 2013). Morse subsequently filed a Rule 29.15 motion for post-conviction relief alleging ineffective assistance of appellate counsel, which the motion court denied without an evidentiary hearing. Morse now contends on appeal that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because appellate counsel rendered ineffective assistance of counsel by

---

[1] All Rule references are to Mo. R. Crim. P. (2013).

failing to raise, on direct appeal, a claim that the thirty-year sentence imposed by the trial court was excessive and retaliatory based on Morse's decision to exercise his right to proceed to trial. Because appellate counsel was not ineffective for failing to raise a non-meritorious claim on direct appeal, we affirm the judgment of the motion court.

<u>Factual and Procedural History</u>

A jury convicted Morse of one count of concealing a prohibited item in a correctional facility in violation of Section 217.360.[2] Morse was subject to sentencing by the trial court because he had been found to be a prior and persistent offender before trial.

At the sentencing hearing, the trial court noted that it had ordered and received a sentencing assessment report, and that the report's recommendation was to deny any request for probation. Trial counsel for Morse requested that the trial court consider sentencing Morse to five years' imprisonment to match a previous plea bargain offer of the same length. Trial counsel alternatively requested a sentence within the range recommended by the sentencing assessment report:

> "Mr. Morse would ask that he not be punished for exercising his constitutional right to a jury trial. He'd ask for five years or in the alternative within the range recommended by the sentencing assessment report and sentencing advisory commission, who I believe are in a better position to compare these cases to other cases as far as proportionality and what would be appropriate in this case."

Trial counsel noted that the sentencing assessment report recommended a nine-year mitigating sentence, an eleven-year typical sentence, and a twelve-year aggravated sentence. The State responded to trial counsel's request by noting the seriousness of the offense, as well as Morse's "lengthy" criminal history dating back to 1991. The State also informed the trial court that after Morse was released from jail in 2002, he was arrested just four days later for second-degree robbery and sentenced to fifteen years on that charge. The State requested a thirty-year sentence.

---

[2] All statutory references are to RSMo. 2000.

2

The trial court reminded the parties that it "has to take everything into consideration" in making a sentencing decision and that Morse's prior and persistent offender status subjected him to an extended punishment under Sections 558.016 and 557.036. The trial court explained that it had reviewed the sentencing assessment report and that it was concerned with Morse's extensive and often violent criminal history, as well as the close proximity between his 2002 release from prison and subsequent arrest for robbery:

> I guess of serious concern to the Court is the fact that the Defendant has, I believe one of the counts is a robbery in the first degree, and then he's got unlawful use of a weapon, possession of cocaine. But of bigger concern is that at his last release, the State is correct, that if you look at the date, very quickly after he was released back from the Department of Corrections that he has a new felony offense for robbery in the second degree, which is a very serious offense. The criminal history in this case is extremely extensive and not just extensive, it's a criminal history that is of a violent nature. And then while in the Department of Corrections Mr. Morse again picked up a new offense, a Class B felony.

The trial court sentenced Morse to thirty years' imprisonment. This Court affirmed Morse's conviction and sentence on direct appeal in State v. Morse, 413 S.W.3d 387 (Mo. App. E.D. 2013). Appellate counsel for Morse did not raise a claim on direct appeal that the trial court's sentence was excessive and intended to punish Morse for exercising his right to trial.

Morse subsequently filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15. Post-conviction counsel was appointed and filed an amended motion alleging that appellate counsel was ineffective for failing to raise a claim on direct appeal that the trial court excessively sentenced Morse to thirty years in prison in retaliation for Morse exercising his right to trial. Morse's amended motion alleged that the trial court based its sentence on Morse's criminal history and his decision to exercise his right to trial. In support of this allegation, Morse claimed that "[i]t is clear from the record that [Morse]'s decision to exercise his right to a jury trial and refusal to admit guilt were the important factors in the trial court's sentencing of [Morse] to thirty years." Morse cited three facts in support of his

3

claim: first, that the sentence imposed by the trial court was excessive compared to the State's pre-trial recommendation of five years and the sentencing assessment's report's recommendation of nine to twelve years; second, that while Morse has a criminal history involving "a few violent felonies, the majority are not violent"; and third, that defendants convicted in the trial court of concealing a prohibited item in a correctional facility following a trial routinely received longer sentences than defendants convicted of similar offenses in neighboring counties. Morse maintained that if appellate counsel had raised the issue of retaliatory sentencing on direct appeal, there is a reasonable probability this Court would have remanded the case.

The motion court entered its Findings of Fact, Conclusions of Law and Judgment denying Morse's amended motion without an evidentiary hearing. The motion court began by noting that in order to bring a successful claim of retaliatory sentencing, Morse was required to allege facts demonstrating that his exercise of his right to trial was a determinative factor in his sentencing. The motion court concluded that Morse had "utterly failed" to meet his burden because there was nothing in the record supporting his claim that the trial court sentenced him to thirty years in prison in retaliation for exercising his right to trial. The motion court reasoned that "[t]he prosecutor at sentencing did not argue to the Court that [Morse] should be punished for exercising his right to a jury trial. Nor did the Court mention any reliance at all on the fact of [Morse]'s insistence on a trial in deciding sentence." As a result, the motion court concluded that "[t]here is nothing from the record from which appellate counsel could have or should have argued retaliation, based on the Court's comments preceding sentencing. Far from being 'obvious from the record' this claim is not supported by the record." Accordingly, the motion court ruled that the record conclusively showed that Morse was entitled to no relief as a matter of law and denied his amended motion without an evidentiary hearing. This appeal follows.

4

## Point on Appeal

In his sole point on appeal, Morse contends that the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing because Morse alleged facts showing that appellate counsel rendered ineffective assistance of counsel. Specifically, Morse claims that appellate counsel was ineffective for failing to raise, on direct appeal, a claim that the 30-year sentence imposed by the trial court was an excessive retaliatory sentence designed to punish Morse for persisting in his innocence and exercising his right to trial.

## Standard of Review

Appellate review of a motion court's denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15; Day v. State, 770 S.W.2d 692, 695 (Mo. banc 1989). The motion court's findings and conclusions are presumptively correct and will be overturned only when this Court, after reviewing the entire record, is left with a "definite and firm impression that a mistake has been made." Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

To be entitled to an evidentiary hearing on a post-conviction relief claim, a movant must allege facts, not conclusions, that, if true, would warrant relief; the facts alleged must raise matters not refuted by the record and files in the case; and the matters complained of must have resulted in prejudice to the movant. Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. Id.

## Discussion

The standard for reviewing a claim of ineffective assistance of appellate counsel is essentially the same as that used in a claim against trial counsel. Mallett v. State, 769 S.W.2d 77, 83 (Mo. banc 1989). To satisfy the performance prong of the Strickland test, a movant must overcome the strong presumption that appellate counsel provided adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. McCain v. State, 317 S.W.3d 657, 660 (Mo. App. S.D. 2010). To overcome this presumption, a movant must show that appellate counsel "failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney would have recognized it and asserted it." Reuscher v. State, 887 S.W.2d 588, 591 (Mo. banc 1994). To be entitled to relief, the movant must show that the error not raised by appellate counsel was "so substantial as to amount to a manifest injustice or a miscarriage of justice." Storey v. State, 175 S.W.3d 116, 148 (Mo. banc 2005). To satisfy the prejudice prong, the movant must demonstrate that the claimed error was sufficiently serious that, if it had been raised, there is a reasonable probability the outcome of the appeal would have been different. Tisius v. State, 183 S.W.3d 207, 215 (Mo. banc 2006).

There is a strong presumption that appellate counsel's conduct fell within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Morse bears the burden of overcoming that presumption by showing that, in light of the circumstances, trial counsel's decision not to raise the retaliatory sentence issue on appeal was not a reasonable strategic decision. Id. A decision made by counsel based on reasonable strategy is virtually unchallengeable; rarely will a strategic decision of counsel be declared so unsound as to constitute ineffective assistance of counsel. State v. Sanders, 903 S.W.2d 234, 240 (Mo. App.

6

E.D. 1995); Malady v. State, 748 S.W.2d 69, 72 (Mo. App. S.D. 1988). The reasonableness of appellate counsel's strategic decision must be viewed as of the time the decision occurred, taking into consideration the circumstances of the case. Strickland, 466 U.S. at 689. Appellate counsel has no duty to raise every non-frivolous claim on appeal, but may use his professional judgment to focus on the most important issues. Barnes v. State, 334 S.W.3d 717, 723 (Mo. App. E.D. 2011). Appellate counsel is not ineffective for failing to raise a non-meritorious claim on appeal. Glover v. State, 225 S.W.3d 425, 429 (Mo. banc 2007),

Section 557.036.1 provides that the trial court is to make its sentencing determination in view of "all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant...." Section 557.036.1. "The trial court has a duty to undertake a case by case, defendant by defendant, evaluation in determining an appropriate punishment fashioned to both the crime and the criminal." State v. Lindsey, 996 S.W.2d 577, 579 (Mo. App. W.D. 1999). The trial court, due to its experience and expertise, is presumed to consider appropriate sentencing factors and to disregard improper matters. Id. As such, the trial court exercises very broad discretion in its sentencing function. Id. Despite that discretion, it is well-established that "[a] court may not use the sentencing process to punish a defendant, notwithstanding his guilt, for exercising his right to receive a full and fair trial." State v. Vaughn, 940 S.W.2d 26, 29 (Mo. App. S.D. 1997). A defendant "may not be subjected to more severe punishment simply because he exercised his right to stand trial." Thurston v. State, 791 S.W.2d 893, 896 (Mo. App. E.D. 1990).

Missouri case law clearly delineates the facts a movant must allege in order to be entitled to relief on a claim of retaliatory sentencing. A movant must show that his exercise of a constitutional right was an actual, "determinative factor" considered by the trial court in making

7

its sentencing decision. Greer v. State, 406 S.W.3d 100, 111 (Mo. App. E.D. 2013). Taylor v. State, 392 S.W.3d 477 (Mo. App. W.D. 2012), is instructive here. Taylor asserted in his post-conviction relief motion that the trial court sentenced him to the harshest possible sentence because he exercised his constitutional right to challenge the conditions of his probation. The Court explained that such a conclusory claim, standing alone, was insufficient to entitle Taylor to an evidentiary hearing: "[t]his is obviously a conclusion which, standing alone, would not satisfy the obligation to allege specific facts warranting relief." Id. at 487. Instead, the Court explained that a factual allegation must be made connecting the trial court's conduct – such as comments made by the trial court at sentencing – to retaliation. Further, a movant must allege that his exercise of a constitutional right was a determinative factor in the trial court's sentencing decision. In order to satisfy the determinative factor test, "something beyond the bare possibility that retaliation *could* have been a factor in sentencing must be shown." Id. at 488.

The Court in Taylor surveyed other Missouri cases where the determinative factor test was applied, and found that the key characteristic of cases where retaliatory sentencing was found to exist was the presence of "words stated by or attributed to the trial court that *directly connected* the imposition of enhanced sentencing with a comment about the exercise of a constitutional right." Id. at 490. In each of those cases, the Court explained, "there was no doubt that retaliatory intent was a 'determinative factor,' that is to say, an actual factor, in sentencing." Id. at 489. Conversely, the Court found that retaliation was not found to be a determinative factor in cases where "other appropriate factors aside from the assertion of a constitutional right were considered in imposing sentence," even in instances where the trial court additionally made a generalized comment on the assertion of a constitutional right. Id. at 491.

8

Applying this standard, we conclude that both Morse's amended motion and the record are completely devoid of any facts indicating that the trial court sentenced Morse in retaliation for exercising his right to proceed to trial. Morse alleged no facts showing that retaliation was even *a* factor in the court's sentencing decision, much less a *determinative* factor. Instead, Morse made a conclusory allegation of retaliation which inferred retaliatory intent based on the length of the sentence imposed by the trial court. Morse made no allegations about any statements made by the trial court referencing his decision to proceed to trial, or connecting his exercise of that right to the sentence imposed. In fact, while the trial court enunciated several factors that influenced its decision at the sentencing hearing, none of these factors included Morse's choice to exercise his right to trial. The record reflects that the only factors considered by the trial court in sentencing Morse were appropriate factors, including his criminal history, the violent nature of several of his crimes, and his apparent failure to learn from his mistakes as evidenced by his arrest for robbery mere days after being released from prison. See Section 557.036.1 (specifying that the court should consider "the nature and circumstances of the offense and the history and character of the defendant" in making its sentencing decision); Lindsey, 996 S.W.2d 577 (holding that the trial court's statements admonishing the defendant for failing to accept responsibility for his crime was an appropriate factor to consider in sentencing). At no point during the sentencing hearing did the trial court make any reference, directly or indirectly, to Morse's decision to proceed to trial, nor does Morse allege that the trial court did so.

Morse bore the burden of showing that appellate counsel failed to assert a claim of error that would have required reversal had it been asserted. Reuscher, 887 S.W.2d at 591. Morse failed to meet this burden. The mere existence of a longer-than-expected sentence, without more, does not constitute a sufficient factual basis warranting relief on a claim of retaliatory

9

sentencing.[3] Instead, a movant must show that retaliation for exercising his right to trial was a determinative factor in the trial court's sentencing decision. Here, there were no facts alleged, and no evidence in the record, supporting a claim of retaliatory sentencing. Any such claim on appeal therefore would have lacked merit and not required reversal had it been asserted. Accordingly, appellate counsel was not ineffective for failing to raise the retaliatory sentencing issue on direct appeal. Point denied.

## Conclusion

The motion court did not clearly err in denying Morse's amended motion without an evidentiary hearing. The judgment of the motion court is affirmed.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

---

[3] While the sentence imposed by the trial court was significantly longer than both the pre-trial plea offer and the sentencing assessment report's recommendation, the trial court was bound by neither in making its sentencing decision. See State v. Davis, 582 S.W.2d 342, 344 (Mo. App. E.D. 1979); Spicer v. State, 300 S.W.3d 249, 250 (Mo. App. W.D. 2009).