

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **BUDDY WICKIZER,** | ) | |
| | ) | |
| Appellant, | ) | **WD83078** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **March 2, 2021** |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable James F. Kanatzar, Judge**

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Gary D. Witt and Anthony Rex Gabbert, Judges

Buddy Wickizer appeals the denial, following an evidentiary hearing, of his Rule 29.15[1]

motion for post-conviction relief. Wickizer raises two claims on appeal; he argues that trial

counsel was ineffective for failing to object to (1) an improper prior-offender finding and (2) the

prosecutor's closing argument. Finding no error, we affirm.

---

[1] All rule references are to the Missouri Supreme Court Rules (2019), unless otherwise noted.

## Background[2]

In February 2015, Victim, an eleven-year-old child, complained to her mother that her genitals were itching and burning. Victim further disclosed that she had been sexually abused by Wickizer, Mother's live-in boyfriend. Mother took Victim to Children's Mercy Hospital. There, the doctor determined that Victim's symptoms were consistent with herpes and prescribed Acyclovir to treat that particular ailment. Further, at the hospital, Victim disclosed the sexual abuse.

On April 24, 2015, Wickizer was charged with statutory sodomy in the first degree (§ 566.062),[3] statutory rape in the first degree (§ 566.032), and child molestation in the first degree (§ 566.067). On February 24, 2016, the State filed an information in lieu of indictment, charging Wickizer as a prior offender, based upon his conviction in case number 1316-CR03047-01. The events underlying the prior-offender charge occurred on or about April 25, 2013, but Wickizer did not plead guilty until August 4, 2014. Trial counsel raised no objection to the prior-offender charge, and Wickizer was ultimately sentenced by the court as a result of the prior-offender finding.

At Wickizer's trial, during closing argument, the State argued, "The evidence is that [Victim] has herpes, an STD that when found in an 11-year-old is most likely transmitted through genital-to-genital contact through sexual abuse." Defense counsel responded to the argument by pointing out a lack of evidence that Wickizer had herpes:

> There are a few red herrings in this case that the state has presented to you, and one of them is that doctor and herpes. That whole discussion about herpes, about how we can get herpes and the symptoms of herpes. What are the facts? The

---

[2] Many of the underlying facts are taken directly from the memorandum issued in Wickizer's direct appeal, *State v. Wickizer*, 527 S.W.3d 126 (Mo. App. W.D. 2017), without further attribution.

[3] All statutory references are to the Revised Statutes of Missouri, as updated through the 2013 supplement, unless otherwise noted.

2

facts are one doctor saw lesions one time. Those lesions could have been attributed to any number of viruses.

. . .

It's a distraction. What does it have to do with Mr. Wickizer? There's been nothing presented that he has it, simply that she does: She has an STD. Then she must have been abused.

In rebuttal, the State argued,

Herpes. Distraction. Red herring. Baloney. Herpes, it's not the case, but it is corroboration. It underscores. It underlines. [Victim] didn't make this up. There is evidence that corroborates. Where does an 11-year-old get genital herpes? Well, you don't have to leave your common sense at the door, and so you can reasonably conclude that she got it right there, from that man.

At the close of trial, the jury found Wickizer guilty of all three charges. The court sentenced Wickizer, as a prior offender, to twenty-five years each on the rape and sodomy counts, and ten years on the child molestation count, with all sentences to run concurrently.

This court affirmed Wickizer's convictions and sentences on direct appeal. *State v. Wickizer*, 527 S.W.3d 126 (Mo. App. W.D. 2017). Thereafter, Wickizer sought post-conviction relief under Rule 29.15, arguing (among other things) that trial counsel was ineffective for failing to object to both the prior-offender determination and the State's rebuttal closing argument. At an evidentiary hearing, trial counsel testified that, though she could not recall specifics, she likely would not have objected to the prior-offender finding, even if she believed it incorrect, because the facts and circumstances of Wickizer's case would have led her to believe that he would be better off with the court, rather than the jury, sentencing him. With respect to the State's closing argument, trial counsel indicated that she did not object because she did not find the State's argument objectionable and she believed she had already sufficiently covered the issue in her own closing argument. Following the hearing, the motion court issued its findings of fact and conclusions of law, overruling Wickizer's motion on the ground that he failed to demonstrate prejudice with respect to either claim. Wickizer appeals.

3

**Standard of Review**

"We review the denial of a post-conviction relief motion 'to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous.'" *Gilkey v. State*, 600 S.W.3d 280, 282 (Mo. App. W.D. 2020) (quoting *Watson v. State*, 520 S.W.3d 423, 428 (Mo. banc 2017)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (quoting *Watson*, 520 S.W.3d at 428). We presume the motion court's findings are correct. *Id.* at 282-83.

**Analysis**

Wickizer raises two claims on appeal. He first claims that trial counsel was ineffective for failing to object to the court's prior-offender finding insofar as the alleged prior offense did not qualify as a prior offense under § 558.016. His second claim argues that trial counsel was ineffective in failing to object to the prosecutor's rebuttal argument, wherein the prosecutor suggested Victim acquired herpes from Wickizer, on the ground that the prosecutor was arguing facts not in evidence. Finding no error, we affirm.

**I.      Trial counsel was not ineffective in failing to object to the prior-offender finding.**

Wickizer argues that the offense underlying the State's allegation that Wickizer was a prior offender did not qualify as a prior offense under § 558.016 and, therefore, trial counsel should have objected. He further argues that he was prejudiced by counsel's failure insofar as he was deprived of jury sentencing due to the erroneous prior-offender determination.

"[T]o establish a right to relief for ineffective assistance of counsel, a movant must establish two elements: that the performance of their counsel was deficient; and that the deficient performance caused prejudice to the movant." *Sprofera v. State*, 613 S.W.3d 822, 831-32 (Mo. App. W.D. 2020). "In the ordinary *Strickland* case, prejudice means 'a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 832 (quoting *Weaver v. Mass.*, ⸺ U.S. ⸺, 137 S. Ct. 1899, 1911 (2017)). "Both [the performance and prejudice] prongs must be shown by a preponderance of the evidence in order to prove ineffective assistance of counsel." *Id*. at 827 (quoting *McFadden v. State*, 553 S.W.3d 289, 298 (Mo. banc 2018)). "The court may not need to address both prongs," however; "[i]f the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed." *Id*. (quoting *Taylor v. State*, 382 S.W.3d 78, 81 (Mo. banc 2012)).

"A 'prior offender' is one who has pleaded guilty to or has been found guilty of one felony." § 558.016.2, RSMo (2016). "The pleas or findings of guilty shall be prior to the date of commission of the present offense." *Id*. at .6. Thus, to be considered a prior offense under § 558.016, Wickizer needed to have pled guilty to or been found guilty of the alleged prior offense before committing the offenses underlying the convictions he is seeking to vacate in his post-conviction action.

Here, the underlying offenses were alleged to have occurred between January 1, 2011, and September 30, 2013. The prior offense alleged by the State occurred on or about April 25, 2013, and Wickizer pled guilty to the offense on August 4, 2014. Because the date of his plea for the alleged prior offense was after the alleged dates of commission for the underlying offenses, it did not qualify as a prior offense under § 558.016. Thus, an objection by counsel would have been meritorious. But the mere failure "to object to everything objectionable[] does not equate to incompetence." *Greer v. State*, 406 S.W.3d 100, 105 (Mo. App. E.D. 2013).

"In many instances[,] seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes." *Id*. (quoting *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996)). "Trial strategy decisions may be a basis for finding ineffective assistance of counsel only

5

if that decision was unreasonable." *Thompson v. State*, 606 S.W.3d 679, 682 (Mo. App. W.D. 2020) (quoting *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018)).

Here, trial counsel testified that, though she could not specifically recall her decision in Wickizer's case, based upon the facts and circumstances, she likely would have advised Wickizer to forgo jury sentencing and she would not have objected to the prior-offender finding, even though it was improper. "[A] trial counsel's inability to specifically recall why she did not object does not overcome the presumption that a trial-strategy reason existed for that decision." *Marshall v. State*, 567 S.W.3d 283, 293 (Mo. App. E.D. 2019). And it is "reasonable trial strategy for counsel to have determined sentencing by the court was preferred to sentencing by a jury, given the nature of the crimes." *State v. Nunley*, 923 S.W.2d 911, 923 (Mo. banc 1996).

But, even if trial counsel's performance could be found deficient, Wickizer's claim fails because he cannot prove any resulting prejudice. The motion court determined that, to show prejudice, Wickizer needed to prove that, had counsel objected, he would have received a lesser sentence. The motion court then concluded that Wickizer was sentenced in the normal range of sentencing for each offense he was charged with, and he was unable to establish prejudice. Wickizer now argues that the motion court used the wrong test for prejudice and that the correct test is whether there exists a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different. But Wickizer claims that this test is not limited to a showing that he would have received a lesser sentence but can, instead, be met by showing that he was denied the process of jury sentencing. And, Wickizer argues, when process is denied, prejudice is presumed.

We recently considered and rejected this very claim of prejudice in *Sprofera v. State*, 613 S.W.3d 822 (Mo. App. W.D. 2020). In *Sprofera*, as here, the defendant was wrongly found to be

a prior offender due to an improper prior offense. *Id*. at 825. And, as here, the defendant later claimed that trial counsel was ineffective for failing to object to the prior-offender finding. *Id*. The motion court in that case determined that, because the movant could not demonstrate that he would have received a lesser sentence, he could not demonstrate prejudice. *Id*. at 831. Like Wickizer, the movant in *Sprofera* argued that the motion court applied the wrong standard for prejudice in requiring the movant to demonstrate that he would have received a lesser sentence. *Id*. The movant argued that "the correct prejudice standard is 'process-based,' and merely requires him to show that, but for counsel's failure to object to the prior-offender finding, he would have exercised his right to jury sentencing." *Id*.

In rejecting the movant's claim, this court first noted that "[t]he error of Sprofera's trial counsel, in failing to object to the circuit court's erroneous prior-offender finding, did not result in 'the forfeiture of a proceeding itself'—either a trial . . . or a direct appeal . . . . Sprofera *had* a sentencing hearing." *Id*. at 832. This court further determined that, "[b]ecause counsel's error did not deprive Sprofera of an entire proceeding," we were not required by the case law he cited "to apply the 'process-based' prejudice standard for which he argues." *Id*. Rather, we held that a claim that counsel's deficient performance led a movant to forfeit jury sentencing "is subject to the general rule that, 'for a claim of ineffective assistance of counsel at sentencing, [a movant must] show that but for sentencing counsel's errors . . . , the result of the sentencing would have been different, specifically, that his sentence would have been lower.'" *Id*. at 835 (quoting *Dunlap v. State*, 452 S.W.3d 257, 262 (Mo. App. W.D. 2015)).

Here, Wickizer has not alleged and cannot demonstrate that his sentence would have been lower, had counsel objected and a jury sentenced him instead of the court. Therefore, he has failed to demonstrate prejudice, and his claim of ineffective assistance of counsel is without merit.

7

Point I is denied.[4]

## II. Trial counsel was not ineffective in failing to object to the prosecutor's closing argument.

In his second point on appeal, Wickizer argues that trial counsel was ineffective for failing to object to the State's rebuttal closing argument on the ground that the prosecutor argued facts not in evidence when the prosecutor argued, "Where does an 11-year-old get genital herpes? Well, you don't have to leave your common sense at the door, and so you can reasonably conclude that she got it right there, from that man." Wickizer claims that, because there was no evidence that Wickizer had herpes, the prosecutor's suggestion that Victim got herpes from Wickizer was improper argument and trial counsel should have objected. The motion court rejected this claim on the grounds that the prosecutor's comment was a reasonable inference from the evidence presented and because Wickizer could not establish any resulting prejudice from trial counsel's failure to object. We agree.

"The State has wide latitude in closing arguments, but closing arguments must not go beyond the evidence presented; courts should exclude 'statements that misrepresent the evidence or the law, introduce irrelevant prejudicial matters, or otherwise tend to confuse the jury.'" *State v. Deck*, 303 S.W.3d 527, 543 (Mo. banc 2010) (quoting *State v. Rush*, 949 S.W.2d 251, 256 (Mo. App. S.D. 1997)). "But it is important to remember that '[t]he entire record is considered when interpreting a closing argument, not an isolated segment.'" *Id*. (quoting *State v. Johnson*, 284 S.W.3d 561, 573 (Mo. banc 2009)).

---

[4] Although Wickizer's claim of ineffective assistance of counsel lacks merit, he requests that we order the erroneous prior-offender finding removed from his judgment. The State takes no issue with Wickizer's request, but, because his claim of error goes beyond a mere scrivener's error that could be corrected by nunc pro tunc, we have no procedural vehicle through which to grant Wickizer's request. Therefore, it is denied.

"The prosecutor can argue the evidence, the reasonable inferences from that evidence, and the credibility of the witnesses." *Hays v. State*, 484 S.W.3d 121, 136 (Mo. App. W.D. 2015) (quoting *Glass v. State*, 227 S.W.3d 463, 474 (Mo. banc 2007)). Additionally, "[t]he State always has considerable leeway to make retaliatory arguments during closing argument, and is permitted to retaliate to an argument made by the defense." *Greer*, 406 S.W.3d at 106 (quoting *Hardy v. State*, 387 S.W.3d 394, 401 (Mo. App. S.D. 2012)).

"Counsel will not be deemed ineffective for failing to make nonmeritorious objections." *Hays*, 484 S.W.3d at 136 (quoting *Barton v. State*, 432 S.W.3d 741, 754 (Mo. banc 2014)). And "[r]easonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019) (quoting *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006)).

During trial counsel's closing argument, she told the jury that evidence suggesting Victim had herpes was a red herring and had nothing to do with Wickizer's guilt or innocence because there was no evidence indicating that Wickizer had herpes. In direct response to this argument, the prosecutor suggested that evidence that an 11-year-old child suffered from genital herpes was, in fact, relevant to the jury's determination insofar as it served as corroboration for Victim's allegations of sexual abuse. And, because the only person Victim identified as having abused her was Wickizer, the prosecutor suggested that common sense indicated that Victim got herpes from Wickizer.

Here, the argument Wickizer complains of was made during the State's rebuttal closing argument directly in response to trial counsel's closing argument. And trial counsel testified that she did not view the State's argument as objectionable and strategically chose not to object because she felt she had adequately covered the issue during her own closing argument. Though we agree

with Wickizer that there was no evidence presented at trial indicating that Wickizer had herpes, the prosecutor's argument was focused on how the presence of herpes supported Victim's credibility and did not exceed the permissible scope of rebuttal.

Furthermore, trial counsel reminded the jury that there was no evidence that Wickizer, in fact, had herpes; the court instructed the jury that counsels' arguments were not evidence; and the prosecutor reiterated that fact in her own closing argument. Therefore, Wickizer cannot establish any resulting prejudice from counsel's strategic decision not to object. *See Barton*, 432 S.W.3d at 754 ("[B]ecause the jury is instructed that the lawyers' arguments are not evidence, prejudice is unlikely to result from the failure to object to statements made in closing argument."). Because Wickizer failed to prove either deficient performance or resulting prejudice, the motion court properly denied his claim of ineffective assistance.

Point II is denied.

## Conclusion

The motion court did not clearly err in overruling Wickizer's Rule 29.15 motion for post-conviction relief. The motion court's judgment is affirmed.

_____
Karen King Mitchell, Presiding Judge

Gary D. Witt and Anthony Rex Gabbert, Judges, concur.

10